WYLIE H. DUNCAN, plaintiff in error, *vs*. JOHN L. ANDERSON, defendant in error.

1. Once granting a new trial by the presiding judge, for want of sufficient evidence to support the verdict, can hardly be said to be abuse of discretion, since the parties have no longer the resource of appealing to a special jury; and affirmance in the supreme court is almost a matter of course.

2. The landlord is not responsible in damages for a *tort* committed by his cropper in hiring or working servants previously employed by another master. The facts of this case do not make either an original agency or an agency by ratification. The cropper alone had the power of employment and of discharge.

New trial. Landlord and tenant. *Tort.* Before Judge POTTLE. Wilkes Superior Court. November Term, 1874.

Duncan brought complaint against Anderson for $300 00 damages, alleged to have been sustained by him on account of the enticing away by the defendant of one Enoch Huff, a farm hand employed by the plaintiff for the year 1874, by reason of which his services were lost. The record discloses no plea.

Duncan *vs.* Anderson.

The evidence made the following case:

In January, 1874, the plaintiff entered into a contract with Huff by which the latter was to work for him as a farm laborer during that year. He was to be paid $60 00 in money for his services, and to have every Saturday for his own use. Huff had been in the employ of the plaintiff for the four preceding years, and had become indebted to him for advances made. He worked until February 12th, and then left the service of plaintiff and went upon a farm owned by defendant. He was then indebted to plaintiff $88 75 for advances. The defendant was farming with one Mat. Heard, on shares. He was to furnish the land and stock, and feed for the latter. Heard was to furnish the hands and to feed them. The crop was to be equally divided. The defendant was to control the half of the crop belonging to Heard until he was paid what was due him by any of the hands. Defendant was a merchant, and sold to the hands what goods they wished, charging to each the purchases made by him. He never employed Huff to work for him; Heard employed Huff in compliance with his contract to furnish hands. Defendant did not know that Huff was employed on his place until Heard reported him as wanting supplies from the store.

There was evidence to show that defendant knew of the contemplated employment of Huff on his farm before he actually left plaintiff; also as to the damage sustained by the latter. It is omitted as immaterial here.

The jury found for the plaintiff $200 00. The defendant moved for a new trial, among other grounds, because the verdict was contrary to the law and the evidence. Thereupon the court passed the following order:

" After considering this motion, it is ordered that the verdict be set aside and a new trial granted, on the ground that the brief does not show any evidence that connects the defendant with the hiring of Enoch Huff; nor is there any proof that the wrong done by Mat. Heard was ratified in any manner by defendant. It is clear that he, Mat. Heard, was a cropper, and not the servant of the defendant, and in

no sense was Huff the servant of Anderson, nor in any way subject to his control."

To this judgment plaintiff excepted.

F. H. COLLEY, for plaintiff in error.

W. M. & M. P. REESE, for defendant.

BLECKLEY, Judge.

1. The judge below granted a new trial because the verdict was unsupported, on a material point, by the evidence. As we ruled during the last term, in the case of *Sewell vs. Holland,* 54 *Georgia Reports,* 611, only a very palpable abuse of discretion will be met, in this court, by a judgment of reversal, where the new trial ordered is put upon this ground, and is the first new trial granted in the case. A first verdict which is not satisfactory to the judge who presided at the trial is, presumptively, wrong; and it must be right to a very high degree of certainty for us to restore it after it has been set aside by him. We have no purpose to nullify the law which clothes him with the power to grant new trials for mistakes or misapprehensions of the jury. Since the abolishment of our ancient and excellent system of appeals to a special jury, this power of the circuit judge has acquired increased importance. If it has been borne down hitherto, it ought to be upheld now in its full force and vigor. If the jury and the judge cannot harmonize on the first trial, there ought, as a general rule, to be a second, if the judge is so much dissatisfied as to order it. He must not abuse his discretion, but let him exercise it freely and fearlessly. It is to that end that the law entrusts him with it: See *Brown vs. Oattis,* 55 *Georgia Reports,* 416.

2. We think there was ample reason for granting a new trial in the present case. The defendant's cropper and not the defendant, was the party answerable to the plaintiff: 49 *Georgia Reports,* 580.

Judgment affirmed.