37256. JOCIE MOTOR LINES, INC. *v.* BURNS BRICK COMPANY *et al.*

37257. BURNS BRICK COMPANY *v.* JOCIE MOTOR LINES, INC. *et al.*

DECIDED SEPTEMBER 22, 1958—
REHEARING DENIED OCTOBER 21, 1958.

408

*Edgar C. Gentry, Smith, Field, Doremus & Ringel, Hamilton Napier, Bloch, Hall, Groover & Hawkins,* for Josie Motor Lines, Inc.

*Frank C. Jones, Jones, Sparks, Benton & Cork,* for J. M. Jackson and Eddie Campbell.

*Miller, Miller & Miller, Martin, Snow, Grant & Napier,* for Burns Brick Company.

FELTON, Chief Judge. 1. The court did not err in granting a nonsuit as to Burns Brick Company on count 1. Although there are some circumstances shown by the evidence which may raise a suspicion, there are no circumstances which are not consistent with the hypothesis that there was no conspiracy to obtain brick transportation by violating the Georgia Motor Carrier law in so far as rates, territory, or load are concerned. Jackson had a Class "B" certificate and a Georgia Public Service Commission tag which contained no notice of a limited territory. Under the circumstances the Burns Brick Company had a right to assume that Jackson had the authority he sought to exercise in transporting brick more than 150 miles from Winder. ' The brick company knew of no territorial restriction. Nor was it the duty of the brick company to police the activities of Jackson as to tariffs, records and bills of lading, etc. No rate law, or rule, was violated, so no case of conspiracy is shown as to rates. And, while the action is not predicated on such a contention, there was no evidence that there was an agreement to violate load limits. The parties simply agreed on how the fine would be paid if on a future date they both consented that a truck be

overloaded and Jackson was caught. Even if such an agreement reactivated by a later agreement to overload would afford a cause of action for a tort committed on an overload trip, the collision here involved did not occur at a time when the truck was returning from delivering an overload of brick.

2. The award of a nonsuit on the second count was not error. The contract was on its face one between manufacturer and independent contractor engaged in an independent and separate business. The evidence does not authorize an inference that Jackson was agent or employee of Burns Brick Company. There is no evidence to show that Burns Brick Company retained the right to direct or control the time and manner of executing the work or that it interfered and assumed control. Code § 105-502 (5). Various things done by Burns Brick Company may reasonably be regarded as incidental and gratuitous services such as preparing invoices, and things pertaining to advertising such as the painting of the trucks are perfectly consistent with the manufacturer and independent contractor relationship. There is not one iota of evidence that Burns Brick Company had the absolute right to require the advertising, etc. The operation under a Class "B", no fixed route certificate, in many cases is likely to be casual and informal, and the businesslike efficiency of other kinds of motor carriers and railroads is not to be expected.

3. The nonsuit was proper as to counts 3 and 5. Count 3 was based on the allegation of joint enterprise which in turn was based on the existence of a conspiracy. No conspiracy was proved, so division 1 covers the third count also. There seems to be no contention as to count 5. Even if there is, the evidence utterly fails to prove this count as laid.

The law of this case was fixed as to pleadings by the overruling of the demurrers to the counts herein discussed such as whether there was a causal relation between the conspiracy and damages, etc. Since a case was not proved as laid as to the counts the demurrers to which were overruled, the court was correct in its ruling, and since the ruling on the grant of a nonsuit ends the case as to Burns Brick Company and it is unnecessary to pass on the questions on the cross-bill to throw light on the issues left in the case as to the remaining defendants, the cross-bill is dismissed.

*Judgment affirmed on the main bill. Cross-bill dismissed. Quillian and Nichols, JJ., concur.*