## 38760. NEWSOME v. DUNN et al.

FRANKUM, Judge. 1. Gordon A. Newsome, Jr., plaintiff, filed suit against George Dunn, Robert Dunn, and William Dunn, alleged to be partners doing business as Dunn's Garage, Joe Givens and Tri-City Concrete, Inc., for damages alleged to have resulted from a collision between the plaintiff's vehicle and a truck driven by Joe Givens. The plaintiff alleged that the defendants were engaged in a joint enterprise of hauling crushed rock over the highways of this State. Service of process was never obtained on the defendant Joe Givens. At the conclusion of the plaintiff's evidence, a nonsuit was granted as to George Dunn and William Dunn on the ground that the evidence was insufficient to show a partnership as alleged by the plaintiff. At the conclusion of all the evidence a motion for a directed verdict was made on behalf of the defendant, Tri-City Concrete, Inc. The trial judge excused the jurors for the day while he heard argument on the motion. At the conclusion of the argument on the motion for a directed verdict, the trial judge issued an order as follows: "Defendant, Tri-City Concrete, Inc., having at the conclusion of the evidence for plaintiff and for defendant, rested its case, and having moved for a directed verdict in its favor—after argument of counsel thereon, it is hereby ordered, adjudged and decreed that a verdict in favor of the defendant, Tri-City Concrete, Inc., be and is hereby directed. This 1st day of December, 1960." The next day, December 2, 1960, the plaintiff offered an amendment to his petition which the court refused to allow. Thereafter, at the direction of the trial judge, a verdict was returned in favor of the defendant, Tri-City Concrete, Inc. The plaintiff assigns as error the refusal to allow the amendment and the direction of the verdict.

2. "An amendment to the pleadings can be made at any time before verdict." *Estill v. Estill,* 147 Ga. 358 (1b) (94 S. E. 304). "A plaintiff has the right to amend his petition after the evidence has closed and after the charge of the court has been delivered, provided the amendment is germane to the cause of action and submits issues supported either directly or inferentially by the evidence." *Deen*

*v. Wheeler,* 7 Ga. App. 507 (1c) (67 S. E. 212). See also *Code Ann.* § 81-1301; *Walker v. Central of Ga. Ry. Co.,* 47 Ga. App. 240 (170 S. E. 258).

Applying these principles of law to the facts of the instant case, the plaintiff had a right to offer an amendment at any time prior to the rendition of the verdict by the jury. Where, during the course of the trial, after the close of the evidence and the argument of counsel upon a motion for a directed verdict (the jury having been excused by the judge for the day), the judge enters a written order directing that a verdict be in favor of one of the defendants, such written order by the trial judge is no more than a written expression of his intention to direct the jury to return a verdict in favor of the said defendant, and the plaintiff had a right to offer an amendment at any time before the return of the verdict by the jury. *Code Ann.* § 81-1301.

While the plaintiff had the right to offer an amendment to his petition, the court had the duty, on objection to the allowance of the amendment, to determine whether the offered amendment was germane to the issues being tried. In the instant case the offered amendment sought to set forth the facts that the defendant, Robert Dunn, was operating trucks for hire without having qualified as a motor contract carrier and without having obtained a certificate of convenience and necessity from the Georgia Public Service Commission; that because of such failure to be properly licensed, the contract between the defendant, Robert Dunn, and the defendant, Tri-City Concrete, Inc., to haul gravel to the latter's place of business was void and unenforceable, and that because the contract between Robert Dunn and Tri-City Concrete, Inc., was void, Robert Dunn was, *ipso facto,* an employee of Tri-City Concrete, Inc., whereby Tri-City Concrete, Inc., would be liable for the negligence of Robert Dunn's driver when one of his trucks was involved in a collision with the plaintiff's vehicle.

We have reached the conclusion that the proffered amendment is not germane to the issues made by the pleadings and the evidence. First, the failure to obtain a certificate

of convenience and necessity from the Georgia Public Service Commission had no causative relation to the collision. *Central of Ga. Ry. Co. v. Moore*, 149 Ga. 581 (101 S. E. 688); *Georgia Power Co. v. Jones*, 54 Ga. App. 578 (188 S. E. 566). Secondly, though Robert Dunn's failure to obtain such a certificate might render the contract between the parties thereto unenforceable (see *Brown v. Glass*, 46 Ga. App. 323 (2), 167 S. E. 722), we have found no authority that in such event the resulting relationship between the defendants would be one of master and servant. To so hold would require every person who avails himself of the services of a carrier to inquire and ascertain if the carrier is properly licensed. There is no such duty. *Jocie Motor Lines v. Burns Brick Co.*, 98 Ga. App. 404 (105 S. E. 2d 780). (Carrying the plaintiff's argument to its ultimate limits, if the failure to obtain a certificate from the Georgia Public Service Commission voids the contractual relationship between the parties, then nothing exists between them—neither independent contractor nor master and servant relationship.) If the facts show that Tri-City Concrete, Inc., engaged the defendant, Robert Dunn, as an independent contractor, the former cannot be charged with the negligence of such independent contractor. *Zurich General Accident &c. Ins. Co. v. Lee*, 36 Ga. App. 248 (136 S. E. 173). In the instant case the plaintiff's offered amendment is not relevant and same has no bearing upon the issues in the case. The proffered amendment was not germane to the issues, and the trial court did not err in refusing to allow it.

3. The undisputed evidence in the case *sub judice* shows that the defendant, Tri-City Concrete, Inc., contracted with the defendant, Robert Dunn, to haul gravel to the place of business of Tri-City Concrete, Inc. The defendant, Robert Dunn, employed a truck driver and directed how and in what manner the gravel would be delivered. The defendant, Tri-City Concrete, Inc., would only tell the defendant, Robert Dunn, how much gravel was to be hauled and where it was to be unloaded in the defendant corporation's yard and obligated itself to pay Robert Dunn so much per ton, depending upon the certain locations from which the gravel was hauled. Robert Dunn owned

and operated the trucks. There is neither a contention nor proof that the independent contractor relationship was a subterfuge. See *Jocie Motor Lines v. Burns Brick Co.*, 98 Ga. App. 404, supra.

"In determining whether a person was an independent contractor or an employee, the courts have applied the standard laid down in *Code* § 105-502 (5) as to whether the alleged employer retained the right to direct or control the time and manner of executing the work." *Griffin v. Hardware Mutual Ins. Co.*, 93 Ga. App. 801, 804 (92 S. E. 2d 871. "The act of the employer in identifying the work, or pointing out to the contractor where the work is to be performed, is not an interference with, or direction or control of, the manner of the work's execution." *Edmondson v. Town of Morven*, 41 Ga. App. 209 (3) (152 S. E. 280). See *Code* § 105-501; *Quinan v. Standard Fuel Supply Co.*, 25 Ga. App. 47 (102 S. E. 543); *Robbins Home Imp. Co. v. Guthrie*, 213 Ga. 138 (97 S. E. 2d 153).

There is no evidence to show Tri-City Concrete, Inc., controlled the time or manner of how the work was done other than to receive the benefits of its contract with the defendant, Robert Dunn. See *Zurich General Accident &c. Ins. Co. v. Lee*, 36 Ga. App. 248, supra. The evidence shows the defendant, Robert Dunn, to be an independent contractor.

The trial court did not err in directing a verdict in favor of the defendant, Tri-City Concrete, Inc.

*Judgment affirmed. Townsend, P. J., Carlisle and Jordan, JJ., concur.*

DECIDED MAY 10, 1961.

*Frank M. Gleason*, for plaintiff in error.
*Robert Edward Surles, Shaw & Shaw, Geo. P. Shaw*, contra.