39833. MOORE v. J. C. PENNEY COMPANY et al.

EBERHARDT, Judge. Plaintiff brought suit for personal injuries against J. C. Penney Company, Seaboard Air Line Railroad and one Goode. The injury occurred when Goode lifted the metal door of an unloading chute on the sidewalk in front of the Penney store. The metal door struck plaintiff when he walked into it as it was being lifted, causing specified injuries. Goode delivered merchandise for Seaboard.

The court directed a verdict for Penney and Seaboard and the jury found against Goode. Plaintiff sought a new trial on the general grounds only as to Penney and Seaboard. The motion was overruled and plaintiff excepts.

1. Plaintiff sought to base Penney's liability on the mere maintenance of the unloading chute and on the presence of a box of merchandise on a portion of the chute door which he alleges partially concealed it. (Violation of a Columbus city ordinance relating to obstructing sidewalks was also alleged but no proof of the ordinance was offered.) Quite obviously the single fact that the chute was located on the sidewalk was not negligence nor was there anything about its construction, as alleged, or proved, which would suggest negligence. Nor is there any negligence in merely placing the box on the chute door, and, further, the box admittedly had been there an indeterminate time. We think it can be said as a matter of law that these factors were not the proximate cause of the injuries since the evidence shows quite clearly that Goode's negligence in lifting the chute door was the efficient cause.

2. Seaboard is said to be liable because Goode was its agent. Neither the contract between Goode and Seaboard nor the facts offered show such agency but are consistent with the independent contractor status of Goode, which was Seaboard's defense. The facts are well within those presented in *Jocie Motor Lines, Inc. v. Burns Brick Co.*, 98 Ga. App. 404 (105 SE2d 780). See also *Wallace v. Price*, 55 Ga. App. 783 (190 SE 273). The rule in employer-independent contractor

situations is one of no liability on the part of the employer *Code* § 105-501, and the same contract and facts mentioned above fail to show any of the rule's recognized exceptions as set out in *Code* § 105-502.

Thus the trial court properly directed verdicts for both Penney and Seaboard, and there was no error in denying the motion for new trial.

*Judgment affirmed. Felton, C. J., and Russell, J., concur.*

DECIDED JANUARY 24, 1963.

*W. Stanford Willis*, for plaintiff in error.

*Kelly, Champion & Henson, S. E. Kelly, Jr., Foley, Chappell, Young & Hollis*, contra.