45266, 45267. SOUTHERN PINE PRODUCTS, INC.
v. WALLER et al. (two cases).

BELL, Chief Judge. These companion cases arose out of the same automobile collision and on appeal have the same issue. In her complaints, plaintiff alleged that the defendants, Southern Pine and the Pennington Brothers, were joint venturers in a timber harvesting operation; and that a car driven by her husband in which she was a passenger collided with a logging truck and trailer, operated by an employee of Pennington, on a highway, while the truck was backing into a parking site adjacent to the roadway. She charged the defendants with joint and several acts of negligence which caused her personal injuries and the death of her husband. Southern Pine moved for summary judgment in each case. The motions were denied and the orders were certified for direct appeal.

Southern Pine contends on appeal that the evidence submitted in support of its motions demands a finding that the Pennington Brothers, a partnership, were independent contractors and not engaged in a joint venture with Southern Pine. The evidence in support of the motions in substance shows that Southern Pine orally contracted with the partnership for the cutting of timber on a certain tract of land (purchased by Southern Pine from a third-party landowner) and for the hauling of the logs to Southern Pine's plant; that all equipment used in the logging operation was provided by the partnership, as well as all the labor; Southern Pine did not have and did not undertake to exercise any control or direction of the partnership or any of its employees in the performance of the contract; and that there was no agreement for the sharing of any profits or losses. Pennington Brothers were to be paid at an agreed price per thousand feet. In opposition, plaintiff submitted the affidavit of the timberland

owner who stated that Southern Pine's plant manager called at her home and advised that "his men" had moved in to cut the timber and requested and obtained the landowner's approval to use a yard on the premises as a parking area for trucks and trailers; and that the plant manager was the only person she dealt with in respect to the logging operation. The plant manager at his deposition denied making this arrangement with the landowner. He also testified that the partnership harvested timber exclusively for Southern Pine for approximately seven years; that he supervised the logging to the extent of seeing that the provisions of the lease between Southern Pine and the landowner were carried out; he visited the logging site to insure that good forestry practices were being carried out by the partners; that he had the power to require the partnership to stop cutting on a certain day in order to control the log supply at the Southern Pine mill; and that while Southern Pine contracted with the landowner to restore any fences or gates damaged during the cutting of timber, it would look to the partnership for the restoration.

There is a joint enterprise or adventure when two or more combine their property or labor, or both, in a joint undertaking for *profit* with *rights of mutual control,* provided the arrangement does not establish a partnership. *Murphey, Taylor & Ellis, Inc. v. Williams,* 223 Ga. 99, 102 (153 SE2d 542); *Security Development &c. Co. v. Williamson,* 112 Ga. App. 524, 525 (145 SE2d 581). Applying this general rule to the evidence in opposition to the motions for summary judgment, there appear to be genuine issues of material fact as to whether there was a joint venture and joint liability for the alleged tortious conduct. The trial court properly denied the motions for summary judgment.

*Judgments affirmed. Quillian and Whitman, JJ., concur.*

ARGUED APRIL 6, 1970—DECIDED JUNE 24, 1970—

REHEARING DENIED JULY 28, 1970—

*Fulcher, Fulcher, Hagler, Harper & Reed, W. M. Fulcher,* for appellant.

*Allen, Edenfield, Brown & Franklin, Charles H. Brown, Allgood & Childs, T. Allen Childs, Jr.,* for appellees.