48036. MOORE v. OGLETHORPE SANITORIUM, INC. et al.

BELL, Chief Judge. In this case, a suit for personal injury based on the alleged negligence of numerous defendants, the defendant

Oglethorpe's motion for summary judgment was granted. The plaintiff alleged that he was injured while assisting in the repair of an inoperable generator on the premises of Oglethorpe; that at the time of his injuries one of the other defendants, Electrical Machinery Company, had a service contract with Oglethorpe to "service, maintain, and repair the generator and keep the same in good operating condition." It further appears from the complaint that due to the malfunction of the generator Electrical Machinery called another defendant, Bryant, to obtain the latter's services to make the generator operational and that his service was without success. Bryant in turn contracted with the plaintiff's employer for assistance in repairing the generator. Oglethorpe answered admitting that it had a service contract with Electrical Machinery Company but denied all liability on the theory that Electrical Machinery Company was an independent contractor and that it had no control over nor supervision of the defendant Electrical Machinery in the operation, maintenance, service and supervision of the generator. The answer further alleged that the generator was operated, serviced and/or maintained at the time of the alleged occurrence by and under supervision of persons who are not the agents, servants or employees of the defendant and who were not then acting for or engaged in the business of this defendant. Oglethorpe submitted the affidavit of one of its officers which supplied facts which supported the above defensive pleadings. In opposition to the motion, the plaintiff averred in an affidavit the conclusory statement that "the generator was under the complete ownership, control and supervision of said hospital," but no facts to support these conclusions were submitted. *Held:* The admissions in the pleadings conclusively show that as between the defendant Oglethorpe and defendant Electrical Machinery a relationship of independent contractor and employer existed. The admissions contained in the pleadings showing the existence of an independent contractor relationship coupled with the plaintiff's evidentiary showing of lack of any supervision or control with Electrical Machinery in the performance of this contract to maintain, service, and operate the generator demands the finding that this case falls within the contemplation of Code § 105-501. The conclusory opposing affidavit is insufficient to raise any genuine issue of material fact. There is no basis in the record which could possibly impose liability upon the employer Oglethorpe for the alleged negligence of the

independent contractor. *Webb v. Wright,* 103 Ga. App. 776 (120 SE2d 806). The grant of summary judgment to this defendant was proper.

*Judgment affirmed. Deen and Quillian, JJ., concur.*

SUBMITTED APRIL 2, 1973 — DECIDED JUNE 27, 1973.

*Calhoun, Sims & Donaldson, John R. Calhoun,* for appellant.

*Willis J. Richardson, Fred Clark, Malberry Smith, Jr., Pierce, Ranitz & Forbes,* for appellees.