## 49047. FARMERS MUTUAL EXCHANGE OF COMMERCE, INC. v. SISK.

EBERHARDT, Presiding Judge.

Michael Sisk, by his mother as next friend, brought the present action for injuries received in a collision between a trail bike he was riding and a truck owned by Lloyd Wade and being driven by Arthur Wade. The collision occurred after the Wades had unloaded fertilizer at the Sisk farm and were returning to town in Lloyd Wade's truck. Mr. Sisk, the owner of the farm, had ordered the fertilizer from Farmers Mutual Exchange of

Commerce, Inc., (hereafter Exchange) to be delivered and spread on the fields of his farm. It was alleged that Arthur Wade was acting within the scope of his employment as the servant and employee of Lloyd Wade; that both Wades were the servants and employees of the exchange; and that they were engaged in a joint venture with the exchange, and were acting within the scope of their relationships. The exchange moved for summary judgment, contending that Lloyd Wade was not its employee but was an independent contractor and that it was not legally responsible for the alleged negligence of Lloyd Wade's employee, Arthur Wade. The trial court denied the motion, and the exchange appeals with a certificate for immediate review. *Held:*

The facts as to the relationship between Lloyd Wade and the exchange are not in dispute and show that pursuant to an oral agreement, Wade was a contract spreader of fertilizer, limestone, etc., operating from his home; that he owned his own trucks and was engaged in the business of spreading lime, fertilizer, etc. during the appropriate season and of hauling other material in the off-season; that he "hauled for himself"; that he hired and paid his own employees to drive his trucks, and no one else had the right to hire, discharge, or direct them; that he decided how many trucks to own, parked them at his home, bought the gas and oil for them and paid the bills for their repair and maintenance; that the exchange did not pay him or anyone working for him a salary or wages, or advance to or lend him any money, but paid him $3.75 per ton for unloading from boxcars, stockpiling, delivering and spreading limestone on the farmer's land, and $6.00 per ton for doing the same with fertilizers; that the exchange withheld no income tax from the amounts paid to Wade, nor did it carry liability insurance or workmen's compensation coverage on him or his employees, Wade paying his own taxes and procuring his own insurance; that the exchange did not own any trucks to spread fertilizer, limestone, etc., but contracted the hauling and spreading work out to others; that Wade's trucks did not bear the exchange's name or symbol; that the exchange receives orders from farmers for fertilizer, etc., and places them on an order book; that several

orders are usually given to Wade at one time, along with the farmer's description of the types of land, amounts per acre ordered, etc.; that Wade decides in what order he will haul from the exchange to the various farmers who have placed orders, selects his own routes and decides how to spread when he is shown the fields by the farmer; and that neither he nor his employees are controlled, directed, or checked upon by the exchange in the performance of their work, nor subject to its control and direction, except that it was the policy to unload the railroad cars within 48 hours to avoid demurrage charges. The exchange neither hired nor fired Wade's employees and had no right to do so.

Under these facts, it is clear that Wade was an independent contractor with respect to the exchange, which did not have, nor did it assume, the right to control the time, manner and method of executing the work, as distinguished from the right merely to require certain results in conforming to the contract. The instant case is controlled on its facts by *Harvey v. C. W. Matthews Contracting Co.,* 114 Ga. App. 866 (7) (152 SE2d 809), and in principle by Code § 105-501 and *Lampton v. Cedartown Co.,* 6 Ga. App. 147 (64 SE 495); *Atlanta & Fla. R. Co. v. Kimberly,* 87 Ga. 161, 164 (13 SE 277); *Albert v. Hudson,* 49 Ga. App. 636 (1) (176 SE 659); *Wallace v. Price,* 55 Ga. App. 783 (190 SE 273); *Brett v. Thiele Kaolin Co.,* 86 Ga. App. 506 (1) (2) (71 SE2d 687); *Mathis v. Kimbrell Brothers Tire Service,* 117 Ga. App. 399, 403 (3) (160 SE2d 855); and *Lyons v. Employers Mut. Liab. Ins. Co.,* 127 Ga. App. 268 (193 SE2d 244). The case of *Jordan v. Townsend,* 128 Ga. App. 583 (197 SE2d 482), relied upon by plaintiff, is not controlling here, since a provision in the contract considered there retained in the employer the authority to control the manner and method of executing the work, and no such provision appears here. The case of *Southern Pine Products, Inc. v. Waller,* 122 Ga. App. 288 (176 SE2d 631), relied upon by plaintiff in support of the joint venture contention, does not support but on the contrary militates against that contention.

*Judgment reversed. Pannell and Evans, JJ., concur.*

Submitted February 6, 1974 — Decided March 7, 1974.

*Greer, Sartain & Carey, Tifton S. Greer,* for appellant.

*Robinson, Buice, Harben & Strickland, Sam S. Harben, Jr., Davis & Davidson, Jack S. Davidson,* for appellee.