## 52801. JOHNSON v. LANIER.

MARSHALL, Judge.

Appellant, a six-year-old minor, brings this appeal by his next friend, his mother, from the grant of summary judgment in favor of the appellee. The sole enumeration of error is as to this grant of summary judgment.

In his complaint, appellant alleged that he was injured by the negligence of appellee's servant while the servant was engaged in appellee's business; that the servant was using a defective and dangerous piece of farm equipment which had been entrusted negligently into the care of the servant, a 16-year-old minor; the servant was operating the equipment in accordance with the instructions of appellee; and that these acts of negligence were the proximate cause of the injuries suffered by appellant.

The trial court summarized the facts as follows: The appellant's grandfather, Wright, agreed to harvest certain corn which had been blown down in a storm and was on land controlled by appellee. The agreement was that the work would be performed "on halves." Wright, who normally did seasonal work for other parties and lived across the road from where the corn field lay, first approached appellee about the corn. Two or three weeks later, appellee suggested that if Wright would "pick up" the corn, Wright would get half the corn or proceeds therefrom. Wright stated that "they" (presumably his wife and children) would pick up the corn if they wanted to do so. Wright's wife was present during this conversation. Later Wright's wife inquired as to what was to be done about the corn. Wright stated that she could do what she wanted to do about it. Nothing else was discussed with appellee, and the entire operation and management of the corn harvest was left up to Mrs. Wright.

Wright's son, Jerry, used a tractor and trailer furnished by appellee to harvest the corn. Efficient operation of the tractor required that the tractor be kept running at all times. Jerry, aged 16, may initially have been instructed as to the general work area and operation of the tractor by appellee or one of appellee's employees. During the early part of the harvest operation, appellant,

at the time, a four-year-old, stayed in the field with his grandmother and uncle Jerry, playing in the trailer. Later when appellant's aunt, a school-age girl, returned home from school, appellant returned to the Wright house across the road and stayed in the custody of his aunt.

At some later time that afternoon, while the young aunt was outside washing clothes, appellant slipped away from her and crossed the road back to where his grandmother and uncle Jerry were harvesting the corn. The tractor was stationary, but the motor was running. Appellant was not seen when he returned to the field. Appellant became entangled in the rotating power take-off valve receiving multiple and serious injuries.

The trial court concluded in its order of summary judgment that: (1) Mrs. Wright and her son Jerry were not the agents or servants or employees of the appellee, thus any negligence of Jerry Wright or his mother was not attributable to appellee; (2) that the instructions in the operation of the tractor did not make Jerry appellee's agent; (3) that the defect in the tractor, if there was such a defect, was not the proximate cause of appellant's injuries; and, (4) that no case of negligent entrustment was established as to Jerry Wright in his use of the tractor. *Held:*

1. The purpose of the Summary Judgment Act was to eliminate the necessity for trial by jury where, giving the opposing party the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence, there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law. *Summer-Minter & Associates v. Giordano,* 231 Ga. 601, 603 (203 SE2d 173); *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442). Furthermore, proximate cause may be decided as a matter of law where the evidence is clear and where it leads to only one reasonable conclusion — that the defendant's acts were not the proximate cause of the plaintiff's injuries. *McNeely v. Harrison,* 138 Ga. App. 310, 312 (226 SE2d 112).

2. From the evidence in this record, it is clear that neither Mr. Wright nor Mrs. Wright nor Jerry were under the control or direction of appellee in the performance of

the harvesting operation. The evidence establishes that Mrs. Wright and Jerry were employees of Mr. Wright, an independent contractor. Appellee did not have, nor did he assume, the right to control the time, manner and method of executing the work, as distinguished from the right merely to require certain results in accomplishing the desired end. He did not have the right to hire or fire Mrs. Wright or her son, nor did he have the right to assign to them some other task. *Flowers v. U. S. S. Agri-Chemicals,* 139 Ga. App. 430, 431 (1) (228 SE2d 392). There is no evidence that appellee ever requested that the corn be harvested by members of Mr. Wright's family. The mere fact that appellee assented to the work being performed by Wright's family does not thereby make those persons appellee's agents or employees. *Duncan v. Anderson,* 56 Ga. 398 (2). Nor does the fact that appellee furnished machinery to be used create a master-servant relationship. *Zurich General Acc. &c. Ins. Co. v. Lee,* 36 Ga. App. 248, 249 (136 SE 173).

An employer is not responsible for torts committed by an independent contractor or his employees. Code Ann. § 105-501; *Moore v. Oglethorpe Sanitorium, Inc.,* 129 Ga. App. 310, 311 (199 SE2d 615).

3. As regards the contention that appellee was liable based upon a negligent entrustment of the tractor to Jerry Wright, an inexperienced, youthful and unlicensed driver, under Georgia law, actual knowledge of the dangerous potential of the entrusted driver is necessary to impose liability on the owner for negligent acts of a driver operating with the consent of the owner, but not as his servant or agent. *Hines v. Bell,* 104 Ga. App. 76 (3b) (120 SE2d 892). The record in this case fails to establish that the youth or inexperience of Jerry Wright in any way rendered him incapable or less capable of operating the tractor safely or prudently. Furthermore, there was no evidence that because of Jerry's immaturity, appellee knew or believed that it would be imprudent to allow the boy to use the tractor. The only evidence adduced on this point was to the effect that Jerry Wright had used a tractor on earlier occasions with no indication of negligent operation.

4. Appellant further contends that the tractor was

defective and that this defective condition led to the injuries in this case. The evidence does not support such a contention. Rather the evidence ineluctably leads to the conclusion that the injuries were proximately caused by the inattention of the aunt in allowing the four-year-old to wander unattended into a field where a tractor was running or in the inattention of the child's grandmother or uncle in not detecting his presence in the field or climbing on the tractor while it was running. There was no allegation or evidence that the tractor involved was operating in a different fashion from any other tractor with its power take-off valve in operation. A farm tractor with a trailer attached is commonly found in a corn field when corn is being harvested. It would be extending the doctrine of attractive nuisance too far to hold that a farm tractor in a farm field running in a normal manner and not dangerous in itself, although possibly attractive to children, is inherently dangerous, even though such a tractor might be capable of inflicting injury if improperly or carelessly used. *Southern Bell Tel. & Tel. Co. v. Brackin*, 215 Ga. 225, 228 (109 SE2d 782).

5. Upon a full consideration of all facets of appellant's enumeration of error, while there may have been discrepancies in the testimony of the various depositions and affidavits, we find no genuine issue as to any material fact. Thus, there was no error in the trial court's grant of summary judgment in favor of appellee. *Holland v. Sanfax Corp.*, 106 Ga. App. 1, 4, supra; *McCarty v. National Life &c. Ins. Co.*, 107 Ga. App. 178, 179 (129 SE2d 408).

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

ARGUED OCTOBER 12, 1976 — DECIDED NOVEMBER 9, 1976 — REHEARING DENIED NOVEMBER 22, 1976 —

*Falligant, Karsman, Kent & Toporek, Stanley Karsman, Timothy F. Calloway, III*, for appellant.

*Miller, Beckmann & Simpson, William H. Pinson, Jr., Leo G. Beckmann, Jr.*, for appellee.