58229. PIGGLY WIGGLY SOUTHERN, INC. v. HERCULES, INC. et al.

MCMURRAY, Presiding Judge.

Hercules, Incorporated, is a corporation engaged in the production of chemicals which involves the use of stump wood (a forest product). The stumps are usually loaded on Hercules' trailers at certain hauling points,

George Kemp ("Kemp & Son, Inc." as shown on a letter contract of employment paying $.44 per mile on a one-way basis, which letter was signed approved "George Kemp Pres.") was in the business of providing transportation by motor vehicle truck-tractors (leased or owned by Kemp) to Hercules, Incorporated to haul Hercules' trailer loads of stumps from the woods (hauling points) to Hercules' local plant. He was paid based upon mileage by the "most direct routes" from the "hauling points." The hauling points and mileage designated by Hercules are set forth in another letter to Kemp.

One of Kemp's drivers was Allen Wayne Marotz. Marotz, while driving a truck leased by Kemp, was involved in a collision with a tractor-trailer of Piggly Wiggly Southern, Inc., driven by Julian Lee Lockley. The collision resulted in considerable damage to both vehicles.

Piggly Wiggly Southern, Inc. brought an action for damages against the defendants Hercules, Incorporated, George Kemp and Allen Wayne Marotz. The defendants answered separately, admitting jurisdiction, but in general denying the claim resulting from the collision. Defendant Marotz did admit that he was the agent and servant of Kemp. Both defendant Marotz and defendant Kemp deny that they were agents, servants or employees of defendant Hercules, Incorporated.

After discovery, defendant Hercules, Incorporated moved for summary judgment, in effect contending that Kemp or Kemp & Son, Inc. was an independent contractor with respect to a hauling contract with defendant Hercules and it did not have nor did it assume the right to control the time, manner or method of executing the hauling work merely requiring certain results in Kemp's conformity to the contract. Based upon the evidence submitted, the trial court determined that "Kemp was the sole determiner of the employees he hired; that he chose his own routes in which to transport the stumps to Hercules' plant in Brunswick; that he obtained his own insurance; that he controlled his own employees and owned the trucks he used . . . that Hercules did not supervise or control the manner in which George Kemp or Kemp trucking picked up or released the trailers." The court then concluded as a matter of law that Kemp was an

independent contractor and not an employee of Hercules, Incorporated, citing *Farmers Mut. Exchange of Commerce v. Sisk,* 131 Ga. App. 206 (205 SE2d 438); *Flowers v. U. S. S. Agri-Chemicals,* 139 Ga. App. 430 (228 SE2d 392); *Johnson v. Lanier,* 140 Ga. App. 522 (231 SE2d 428); and *Summer-Minter & Associates v. Giordano,* 231 Ga. 601 (203 SE2d 173). Plaintiff appeals. *Held:*

On motion for summary judgment the movant has the burden of showing the absence of any genuine issue of material fact, and the opposing party is given the benefit of all favorable inferences that may be drawn from the evidence. *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4 (126 SE2d 442). Indeed the movant has the burden, even as to issues upon which the opposing party would have the trial burden. See *Colonial Stores, Inc. v. Turner,* 117 Ga. App. 331, 333 (160 SE2d 672); *Wood v. Brunswick Pulp &c. Co.,* 119 Ga. App. 880, 881 (169 SE2d 403).

Counsel for plaintiff contends here that *Wood v. Brunswick Pulp &c. Co.,* 119 Ga. App. 880, 881 supra, and *Buchanan v. Canada Dry Corp.,* 138 Ga. App. 588 (226 SE2d 613) would be controlling in this case as the evidence authorizes an inference that defendant Kemp's trucking activities were a mere alter ego of defendant Hercules, Incorporated. In the *Wood v. Brunswick Pulp &c. Co.* case it was held that if the evidence authorizes an inference that the contract was not made in good faith but for the purpose of avoiding liability, the case should go to a jury, citing *Talmadge v. Tift,* 25 Ga. App. 639 (104 SE 91) and *Brown v. Smith & Kelly,* 86 Ga. 274, 277 (12 SE 411). However, in the case sub judice we find no admission in the defendants' answers which amounts to an inference that the defendants Marotz and Kemp were under the control or direction of the defendant Hercules, Incorporated in the performance of the hauling contract. Defendant Marotz admitted in his answer that he was the agent and servant of Kemp and denied that he was the agent and servant of defendant Hercules, Incorporated. Defendant Hercules, Incorporated did not assume the right to control the time, manner or method of hauling but merely paid defendant Kemp mileage for the hauling he did under the contract. An employer is not responsible for torts committed by an independent contractor or

employees of such independent contractor. See Code § 105-501; *Moore v. Oglethorpe Sanitorium,* 129 Ga. App. 310, 311 (199 SE2d 615); *Johnson v. Lanier,* 140 Ga. App. 522, 524, supra.

After a thorough examination of the evidence submitted here as well as the pleadings, we find no inference whatsoever that the contract by and between the defendant Hercules, Incorporated and the defendant Kemp was entered in bad faith or for the purpose of avoiding liability nor any evidence authorizing an inference that defendant Kemp or his employee, defendant Marotz, was subject to defendant Hercules' control so as to make them employees or to make defendant Marotz a borrowed servant. All of the evidence shows defendant Kemp was an independent contractor and defendant Marotz was solely the employee of defendant Kemp. The trial court did not err in deciding as a matter of law that there was no material fact making movant in any wise responsible for the activities of defendant Kemp and his employee Marotz arising out of the collision in issue here even though the trailer attached to the tractor was the property of the defendant Hercules, Incorporated.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

SUBMITTED JULY 12, 1979 — DECIDED SEPTEMBER 6, 1979.

*Paul W. Calhoun, Jr.,* for appellant.
*Richard M. Scarlett, Richard A. Brown, Jr., John R. Ferrelle,* for appellees.