### 71787. TANNER v. USA TODAY et al.
(347 SE2d 690)

McMURRAY, Presiding Judge.

This is a wrongful death action arising from a motor vehicle collision. Plaintiff's complaint alleges that her son was killed when his automobile collided with a vehicle being negligently operated by defendant Howard. Plaintiff also alleges that at the time of the collision defendant Howard was acting within the scope of his employment as an agent and employee of defendant Bounds and of defendant USA Today. Also named as defendants are State Farm Mutual Automobile Insurance Company, insurer of the vehicle operated by defendant Howard, and Liberty Mutual Insurance Company, a liability insurer of USA Today.

This appeal is taken from an order granting summary judgment in favor of defendant USA Today and its insurer, defendant Liberty Mutual Insurance Company ("Liberty Mutual"). The primary issue to be addressed in this appeal is whether defendant Bounds was an employee or independent contractor of USA Today. *Held*:

1. The evidence shows that defendant Bounds operated a portion of a newspaper distribution system for USA Today. In connection therewith Bounds had executed an "Independent Hauler Agreement" with USA Today which provided that Bounds would deliver USA Today's newspapers to such points as designated by USA Today. Under this contract Bounds was compensated on the basis of a flat rate per daily trip and was free to engage in other business activities.

Defendant Howard was chosen by defendant Bounds to operate one of his delivery vehicles. While we do not reach the issue of whether Howard was an employee or independent contractor in relation to Bounds, we note that there is no evidence of any direct relationship between Howard and USA Today. Thus, any vicarious liability of USA Today for the negligent actions of Howard must be predicated on a chain of employer-employee relationships which includes Bounds. We will focus upon the relationship between Bounds and USA Today.

Defendants USA Today and Liberty Mutual rely upon the uncontroverted evidence showing that defendant Bounds obtained the

newspaper hauling contract by bidding in competition with competing businesses. USA Today did not withhold any taxes from its payments to defendant Bounds. The newspaper truck involved in the collision was owned, maintained, and insured by defendant Bounds. USA Today had no right to control the route used by the truck, the choice of driver, or the way in which the truck was driven.

"[T]he test to be applied, in determining the relationship of the parties under the contract, lies in whether the contract gives, or the employer assumes, the right to control the time and manner of executing the work, as distinguished from the right merely to require results in conformity to the contract . . ." *Zurich Gen. Accident &c. Ins. Co. v. Lee*, 36 Ga. App. 248 (1) (136 SE 173). Plaintiff contends that the contractual provision specifically requiring defendant Bounds to adhere to a delivery schedule, vests in defendant USA Today the control of the time and manner of executing the work. We view adherence to the delivery schedule as merely one aspect of the results required under the contract. Nonetheless, to the extent that the delivery schedule may impose parameters involving the time within which the work must be executed, such is not sufficient to raise an issue as to the nature of the relationship between defendant USA Today and defendant Bounds. The uncontroverted evidence shows that USA Today had no right to exercise control over the manner of executing the work. In order to impose liability on an employer for the negligence of a contractor the employer must retain the right to control both the time *and* the manner of execution of the work. See OCGA § 51-2-5 (5). Also, see generally *Piggly Wiggly Southern, Inc. v. Hercules, Inc.*, 151 Ga. App. 238 (259 SE2d 219); *Flowers v. U. S. S. Agri-Chem.*, 139 Ga. App. 430 (228 SE2d 392), and *Farmers Mut. Exchange v. Sisk*, 131 Ga. App. 206 (205 SE2d 438).

2. Plaintiff contends that defendants USA Today and Liberty Mutual are liable for the negligence of defendant Bounds under the provisions of OCGA § 51-2-5 (1) (work of the contractor hauler was wrongful in itself) and OCGA § 51-2-5 (4) (the work of the newspaper hauler was a wrongful act in violation of a duty imposed by statute) since defendant Bounds was not licensed by the Georgia Public Service Commission as required by statute. See OCGA § 46-7-53. Plaintiff's position presupposes a duty on the part of USA Today to inquire and ascertain if defendant Bounds was properly licensed. Since such a duty does not exist this argument is without merit. *Newsome v. Dunn*, 103 Ga. App. 656, 658 (2) (120 SE2d 205); *Jocie Motor Lines v. Burns Brick Co.*, 98 Ga. App. 404 (105 SE2d 780).

3. Plaintiff argues that defendant USA Today ratified the actions of defendant Bounds, in operating without proper licensing by the Georgia Public Service Commission, by continuing to contract with defendant Bounds after obtaining knowledge of the absence of a li-

cense. However, the factual assertion upon which this argument is predicated is not supported by the record. There was no error in granting summary judgment in favor of defendants, USA Today and its insurer Liberty Mutual.

*Judgment affirmed. Pope, J., concurs. Carley, J., concurs in Divisions 1 and 3 and in the judgment.*

DECIDED JULY 9, 1986.

*J. Nathan Deal*, for appellant.

*James E. Brim III, Thomas M. Cole, B. Andrew Prince*, for appellees.