**FIFTH DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J., and RICKMAN, J.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 30, 2024**

# In the Court of Appeals of Georgia

A24A0709. TREJO v. KEN CORBETT FARMS, LLC.

MCFADDEN, Presiding Judge.

Ken Corbett Farms, LLC is one of several defendants in this action brought by Yesenea Trejo to recover for injuries she sustained in a vehicular accident. Trejo's claim against Ken Corbett Farms rests on the theory that Ken Corbett Farms was in a joint venture with a pair of related entities, Castanon Harvesting, LLC and Alberto & Sons, LLC, to which we generally refer collectively as "Alberto & Sons,"[1] and which owned the bus that collided with Trejo's car and employed the person driving it The trial court granted summary judgment to Ken Corbett Farms, finding among

---

[1] Castanon Harvesting, LLC and/or Alberto & Sons, LLC, are owned by members of the same family. The family was in the process of transitioning its business from Castanon Harvesting to Alberto & Sons at the time in question.

other things that Trejo had not pointed to evidence of a joint undertaking for profit, one of the required elements of a joint venture. We agree that Trejo has pointed only to evidence of a business interdependency, which under Georgia law is not enough to show a joint venture. So we affirm.[2]

1. *Facts*

"On appeal from the grant of summary judgment, we construe the evidence most favorably towards the nonmoving party, who is given the benefit of all reasonable doubts and possible inferences and is only required to present evidence that raises a genuine issue of material fact." *Coe v. Proskauer Rose, LLP*, 314 Ga. 519, 530 (3) (878 SE2d 235) (2022) (citation and punctuation omitted). But "[w]here a defendant moving for summary judgment discharges [its] burden [of pointing to an absence of evidence supporting an essential element of the nonmoving party's case], the nonmoving party . . . must point to specific evidence giving rise to a triable issue." *Cowart v. Widener*, 287 Ga. 622, 623 (1) (a) (697 SE2d 779) (2010) (citation and punctuation omitted).

---

[2] We have circulated this decision amongst all nondisqualified judges of the Court to consider whether this case should be passed upon by all members of the Court. Fewer than the required number of judges, however, voted in favor of considering this case en banc.

Viewed in the light most favorable to Trejo, the evidence shows that in late 2016, Ken Corbett Farms and Alberto & Sons entered into an agreement under which Alberto & Sons would act as a farm labor contractor to obtain workers on federal H-2A guestworker visas to plant and harvest fruits and vegetables at Ken Corbett Farms' fields during the 2017 growing season. See 8 USC § 1101 (a) (15) (H) (ii) (a); 8 U. S. C. § 1188 (a) (1). To that end, Alberto & Sons took steps to obtain certification to hire the workers, which included agreeing to furnish housing and transportation for them. To assist in this process, Ken Corbett Farms represented in writing that it would "provide transportation for the workers provided to this farm by Alberto & Sons, LLC."

The H-2A workers were employees of Alberto & Sons, which paid their wages. They lived in housing that Ken Corbett Farms owned and leased to Alberto & Sons. Despite Ken Corbett Farms's written representation that it would provide transportation to the workers, Alberto & Sons actually transported the H-2A workers to and from the fields, using buses owned by Castanon Harvesting and insured by either Alberto & Sons or Castanon Harvesting.

Ken Corbett Farms determined the planting and harvesting schedule. It would decide in the evening which fields would be worked the the next day and then tell Alberto & Sons when and where the H-2A workers needed to be transported. Upon arrival, the workers would check in at the field with an Alberto & Sons employee, which would send that information to Ken Corbett Farms. Using that information, Ken Corbett Farms would track the workers' hours and every week would pay Alberto & Sons an hourly rate for each worker, from which Alberto & Sons would pay the workers. Ken Corbett Farms also paid Alberto & Sons an agreed-upon flat fee at the beginning of the season for its services as a farm labor contractor.

Ken Corbett Farms' relationship with Alberto & Sons was "essential" to its business in 2017. In total, Ken Corbett Farms paid Alberto & Sons over $5,000,000 for its work that year, and it paid Castanon Harvesting over $83,000. Neither company paid any of Ken Corbett Farms' expenses, and there was no shared bank account between Ken Corbett Farms and either Castanon Harvesting or Alberto & Sons.

On the morning of May 27, 2017, Alberto & Sons employee Jose Ivan Hernandez, an H-2A worker, was driving a bus transporting H-2A workers near some

of the worker housing when he got into an accident with a car driven by Trejo. Trejo was injured in the accident.

2. *Analysis*

We agree with the trial court that the evidence, viewed most favorably to Trejo, does not show that Ken Corbett Farms was in a joint venture with either Alberto & Sons or Castanon Harvesting. "The theory of joint venturers arises where two or more parties combine their property or labor, or both, in a joint undertaking for profit, with rights of mutual control (provided the arrangement does not establish a partnership), so as to render all joint venturers liable for the negligence of the other." *Kissun v. Humana, Inc.*, 267 Ga. 419, 420 (479 SE2d 751) (1997).

Trejo argues that the evidence showed a joint undertaking for profit because Ken Corbett Farms and Alberto & Sons were for-profit companies; Ken Corbett Farms paid Alberto & Sons a significant amount of money for its services; and Alberto & Sons was "essential" to Ken Corbett Farms' profitability in 2017. Certainly, there is evidence that Ken Corbett Farms depended on Alberto & Sons for a successful growing season, and there is evidence that Ken Corbett Farms was Alberto & Sons' primary — and perhaps only — customer in 2017. But this evidence merely

5

demonstrates the two companies' business interdependecy, which is not enough to show the joint undertaking for profit required for a joint venture. See, e. g., *Driskell v. Dougherty County*, 363 Ga. App. 481, 483 (1) (871 SE2d 283) (2022); *Lowery v. Noodle Life*, 363 Ga. App. 1, 6 (b) (869 SE2d 600) (2022); *Gateway Atlanta Apts. v. Harris*, 290 Ga. App. 772, 778 (2) (b) (660 SE2d 750) (2008).

This principle, and its application to a business relationship similar to this case, is illustrated by *Lafontaine v. Alexander*, 343 Ga. App. 672 (808 SE2d 50) (2017), disapproved in part on other grounds by *Driskell*, 363 Ga. App. at 488 (1) (c). As we explained in that case, the evidence showed that the owner of real property, Watley, asked another person, Alexander, to help prepare his land for development into lots. *Lafontaine*, 343 Ga. App. at 674. Watley

> hired Alexander to clear some of the unimproved land for development. Alexander and his crews charged Watley on an hourly per-tractor basis to take down trees, perform grading work and other tasks to prepare the land for sale. Alexander also contacted various utility companies on Watley's behalf about running underground utilities through the . . . property. Alexander deposed that he did the work, in part, because he hoped that Watley would encourage the purchasers of the lots to use Alexander as a builder when they built upon the property. However, there was no formal agreement that Alexander had an interest in the

property or the subdivision development beyond his duties as a contractor.

Id. at 680 (6). We held that this evidence did not demonstrate a joint venture between the two men. Id. Specifically, we noted that it was "undisputed that Alexander did not have any share in the profits or losses associated with the sale of lots in the . . . subdivision." Id.

We see no meaningful distinction between the facts of this case and those of *Lafontaine*. Just as Watley hired Alexander to perform a particular job for him in *Lafontaine*, so Ken Corbett Farms hired Alberto & Sons to perform a particular job: that of supplying H-2A workers for its fields during the 2017 growing season. Ken Corbett Farms paid Alberto & Sons to do this job. There is no evidence that the two businesses shared profits or losses, or that Alberto & Sons would not be paid under its agreement unless Ken Corbett Farms was profitable.

And we are not persuaded by Trejo's argument that our opinion in *Southern Pine Products v. Waller*, 122 Ga. App. 288 (176 SE2d 631) (1970), demands a different result. While some of the facts relating to the parties' financial arrangements in that case resemble the facts here, the *Southern Pine Products* decision engaged in no

meaningful analysis of the "joint undertaking for profit" requirement and did not acknowledge the principle that mere business interdependency is not enough to satisfy that requirement. We believe this is enough to distinguish *Southern Pine Products* from the instant case, but to the extent *Southern Pine Products* could be read to hold that mere business interdependency *is* enough to satisfy the "joint undertaking for profit" requirement, we disapprove that decision.

For these reasons, we find no error in the trial court's grant of summary judgment to Ken Corbett Farms based on the lack of evidence of a joint undertaking for profit. Given our conclusion, we do not reach the parties' arguments about the other elements of a joint venture.

*Judgment affirmed. Mercier, C. J., and Rickman, J., concur.*

8