47315.   MOON v. GEORGIA POWER COMPANY et al.

ARGUED JULY 6, 1972—DECIDED OCTOBER 24, 1972—
REHEARING DENIED NOVEMBER 14, 1972.

*Johnston & McCarter, John M. McCarter, Ralph E. Carlisle,* for appellant.

*Troutman, Sanders, Lockerman & Ashmore, Robert L. Pennington, Jeffrey R. Nickerson, Dennis & Fain, Douglas Dennis,* for appellees.

QUILLIAN, Judge. 1. The defendant Georgia Power set out in its three defenses to the complaint that: "Such work as was done at or near the area described in the complaint was done by employees of Commonwealth Electric Company, a corporation of the State of Delaware, as an independent contractor under the terms of an agreement entered into between Commonwealth Electric Company and Georgia Power Company, dated August 8, 1966." Also in its third-party complaint brought against Commonwealth Electric, Georgia Power alleged that it entered into a contract with Commonwealth Electric who acted as an independent con-

tractor and agreed to do certain construction work with regard to Georgia Power's transmission facilities; that Commonwealth Electric was constructing the facilities near the location set forth in the complaint pursuant to said contract; that under the terms of the contract Commonwealth Electric agreed to indemnify Georgia Power for damage to property arising out of the performance and prosecution of work under the contract.

During the trial of the case, agents and employees of Georgia Power testified that Commonwealth Electric constructed the transmission lines and the road; that no Georgia Power employees participated in the construction of the lines or in the clearing of the right of way, although they were involved in the inspection of the work performed by Commonwealth Electric. One of the employees of Georgia Power testified that although he performed inspection work he did not tell Commonwealth personnel how to do a particular piece of work or where to locate the towers or the placement of the wires and conductors. This evidence would tend to show that Georgia Power did not exercise immediate direction and control of Commonwealth Electric. However, the contract between Georgia Power and Commonwealth Electric was not a part of the pleadings and is not found in the transcript of evidence.

In the recent Supreme Court case of *Golosh v. Cherokee Cab Co.*, 226 Ga. 636, 638 (176 SE2d 925): "'Where one is employed generally to perform certain services for another, and there is no specific contract to do a certain piece of work according to specifications for a stipulated sum, it is inferable that the employer has retained the right to control the manner, method and means of the performance of the contract, and that the employee is not an independent contractor.' The test is not whether the employer did in fact control and direct the employee in the work, but it is whether the employer had that right under the employment contract." See *Gulf Life Ins. Co. v. McDaniel*, 75 Ga. App. 549, 555 (43 SE2d 784); *Travelers Ins. Co. v. Moates*, 102 Ga. App. 778 (117 SE2d 924); *Barbree v. Shelby Mut. Ins.*

*Co.,* 105 Ga. App. 186, 188 (123 SE2d 905).

In absence of the contract or its provisions, Georgia Power failed to establish that it did not have the right to direct and control Commonwealth Electric. Thus, evidence failed to prove as a matter of law that the relationship of an independent contractor existed between Georgia Power and Commonwealth Electric. The trial judge erred in directing a verdict for Georgia Power.

2. Appellant contends that the court erred in directing a verdict on the question of attorney's fees and punitive damages. This contention is predicated on two grounds: one, that the trial judge erred by stating, "I understand there will be no basis for attorney's fees unless punitive damages will be indicated here I take it," two, that questions involving imposition of punitive damages are always for the jury.

"Attorney's fees as expenses of litigation are not punitive or vindictive damages, but stand alone, are regulated by *Code* § 20-1404, and the jury may allow them if the defendant has acted in bad faith in the transaction out of which the cause of action arose." *Williams v. Harris,* 207 Ga. 576 (3) (63 SE2d 386). See *Busbee v. Sellers,* 71 Ga. App. 26, 28 (29 SE2d 710); *Mosely v. Sanders,* 76 Ga. 293 (3); *Bowman v. Poole,* 212 Ga. 261 (3) (91 SE2d 770). Moreover, ordinarily the question of imposition of punitive damages is for the jury. However, the controlling question in a situation of this sort is whether there was any evidence to support an award under *Code* § 105-2002 (punitive damages) or § 20-1404 (attorney's fees). Absent wilful misconduct, malice, fraud, wantonness or oppression, there can be no recovery of punitive damages. *Hubbard v. Ruff,* 97 Ga. App. 251 (103 SE2d 134); *Southern Railway Co. v. Davis,* 132 Ga. 812 (65 SE 131). In order to recover under *Code* § 20-1404, it must be shown that the defendant was stubbornly litigious, put the plaintiff to unnecessary trouble and expense, or acted in bad faith. We are cited no evidence by the plaintiff to show that the requirements of *Code* § 105-2002 or § 20-1404 were met. Indeed, taken in a light most favorable to the plaintiff, the facts show that the defendant injured the plaintiff and

did not remedy the situation satisfactorily to the plaintiff. This is not sufficient to authorize a verdict for the plaintiff either on punitive damages or attorney's fees. That being so, the trial judge did not err in directing a verdict for the defendant as to those issues.

3. The remaining enumerations of error are without merit.

*Judgment reversed. Hall, P. J., and Pannell, J., concur.*