55123. ALLEN v. COOPER et al.
55124. BROOKER v. COOPER et al.

SMITH, Judge.
The trial court granted Standard Oil's motion for summary judgment, and Allen and Brooker appeal. We affirm.

Allen and Brooker sued for damages received as a result of their plane's emergency landing at Cordele Airport. At the airport, Cooper, co-defendant below, sold exclusively Standard Oil fuel. Cooper's employees inadvertently fueled appellants' plane with jet fuel instead of the required aviation gasoline; on take-off, the plane's engine failed, causing the emergency landing. The engine's failure was allegedly due to the employees' improper fueling.

Appellants contend the court erred in granting summary judgment because issues of fact remained as to Standard Oil's liability for Cooper's employees' actions, that liability allegedly being due to Cooper's status as an independent contractor hired by Standard Oil. We

assume arguendo that Cooper was Standard's independent contractor; nevertheless, appellants' contention must fail. Normally, an employer is not liable for the torts of his independent contractor. Code § 105-501. There exist six exceptions to this rule. Code § 105-502. One of these exceptions, the only one appellants assert to be applicable, is: "The employer is liable for the negligence of the contractor. . .[i]f, according to previous knowledge and experience, the work to be done is in its nature dangerous to others, *however carefully performed."* (Emphasis supplied.) Code § 105-502 (2). From the record before us, we perceive that the pouring of the fuel into a gas tank was *not* inherently dangerous work but, rather, that it *became* dangerous only when done negligently. In this case, the complaint itself indicates the mishap would not have occurred except for the inadvertent, improper fueling on part of Cooper's employees. "It is apparent from the record that except for the negligent conduct of the independent contractor and its employees in doing this work, the injury would not have occurred." *Ga. Power Co. v. Gillespie,* 49 Ga. App. 788, 795 (176 SE 786) (1934). This case not falling within the exception (*Robbins Home Improvement Co. v. Guthrie,* 213 Ga. 138 (97 SE2d 153) (1957); *Ga. Power Co.,* supra), and appellants contending only that issues of fact remained as to their contention the exception was applicable, we affirm.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

ARGUED JANUARY 5, 1978 — DECIDED APRIL 4, 1978.

*Ted A. Schumacher, William A. Byars,* for appellants.

*William G. Scrantom, Hansell, Post, Brandon & Dorsey, Jule W. Felton, Jr.,* for appellees.