## 61018. HARRISON & ELLIS, INC. v. NASHVILLE MILLING COMPANY, INC.

McMurray, Presiding Judge.

Plaintiff, Harrison and Ellis, Inc., brought this action against Nashville Milling Company, Inc., seeking a sum allegedly due it under a contract for the sale, delivery and installation of certain feed mill equipment. The defendant answered, denying the existence of any indebtedness and counterclaimed for damages allegedly caused by plaintiff's negligence in causing a fire in defendant's corn bin, resulting in considerable damage to the corn therein and to the storage bin itself. The jury returned a verdict in favor of plaintiff in the amount of $10,549.38 and in favor of defendant on its counterclaim in the amount of $21,606.36. Plaintiff filed its motion for judgment notwithstanding the verdict or in the alternative for a new trial. Plaintiff's motion was denied, and plaintiff appeals. *Held:*

1. The fire which precipitated defendant's counterclaim based on negligence allegedly occurred due to the negligence of employees of TG&W Millwright while welding pipe at defendant's place of business in performance of plaintiff's contract with defendant. Plaintiff contends that the trial court erred in overruling its motion for directed verdict and motion for judgment notwithstanding the verdict or in the alternative for a new trial which were both made on the grounds that the evidence presented at trial conclusively showed that the employees of TG&W Millwright were independent contractors so as not to create the relationship of master and servant for the purposes of the doctrine of respondeat superior.

Under *Golosh v. Cherokee Cab Co.,* 226 Ga. 636, 638 (176 SE2d 925) and *Moon v. Ga. Power Co.,* 127 Ga. App. 524, 526 (194 SE2d 348), the test of whether an employer-employee or independent contractor relationship existed is not whether the employer did in fact control and direct the employee in the work, but it is whether the employer had that right under the employment contract. In the case sub judice as there was no evidence of a contract between plaintiff and TG&W Millwright to perform certain services under a specific contract to do a certain piece of work according to specifications for a stipulated sum, it is inferable that the employer (plaintiff) has retained the right to control the manner, method and means of the performance of the contract and the employee (TG&W Millwright) is not an independent contractor. Although plaintiff has presented conflicting evidence by which it attempts to show that an independent contractor relatonship existed with TG&W Millwright, there is no conclusive negation of this inference. In the absence of any contractual provision showing that plaintiff did not have the right to

direct and control the employees of TG&W Millwright we must hold that the evidence has failed to prove as a matter of law that TG&W Millwright was an independent contractor. The trial court did not err in denying plaintiff's motions for directed verdict and judgment notwithstanding the verdict or in the alternative for a new trial. See *Moon v. Ga. Power Co.,* 127 Ga. App. 524, supra, and *Golosh v. Cherokee Cab Co.,* 226 Ga. 636, supra.

2. The trial court erred in charging the jury in the following language: "I charge you, members of the jury, that a general contractor is responsible for whatever his subcontractor might do." The responsibility of a general contractor is not unlimited as the charge suggests, but the contractor is liable for the negligence of the subcontractor under any one of the alternative circumstances set forth in Code § 105-502. Such general contractor is not, as this charge states, responsible (in all instances) for torts committed by an independent contractor or employees of such independent contractor. Code § 105-501; *Piggly Wiggly Sou. v. Hercules, Inc.,* 151 Ga. App. 238, 240-241 (259 SE2d 219).

Defendant argues that the charge taken as a whole is fair. It is true that the correctness of a charge must be determined by the whole, taken together, and not a portion of it. *Ellis v. Britt,* 181 Ga. 442, 443 (6), 447 (182 SE 596). However, we do not believe that the remainder of the charge is sufficient to overcome the prejudice to plaintiff caused by the above erroneous portion of the charge as that portion of the charge in the absence of any qualification by the trial court, makes plaintiff absolutely liable for the negligence of TG&W Millwright without regard to whether there was an independent contractor relationship.

*Judgment reversed. Smith and Banke, JJ., concur.*

Submitted November 4, 1980 — Decided November 21, 1980 — Rehearing denied December 4, 1980 —

*William C. Sanders,* for appellant.
*W. S. Perry, Edwin Carlisle,* for appellee.