61630. ST. PAUL COMPANIES v. CAPITOL OFFICE SUPPLY COMPANY, INC. et al.

DEEN, Presiding Judge.

One who carries on an independent business and who contracts with another to perform services for him, being answerable only for the result and not being under the control of his employer as to the time, manner or method of doing the work, is an independent contractor for whose torts the other contracting party is not liable except in a few stated exceptions, such as those involving a non-delegable duty ensuing from work which according to previous knowledge and experience is by its nature dangerous to others, however carefully performed. Code §§ 105-501, 105-502 (2). *Community Gas Co. v. Williams,* 87 Ga. App. 68 (2) (73 SE2d 119) (1952). Where the work is not inherently dangerous except as a result of the negligence of the contractor respondeat superior does not apply. *Robbins Home Improvement Co. v. Guthrie,* 213 Ga. 138 (97 SE2d 153) (1957); *Peachtree North Apts. Co. v. Huffman-Wolfe Co.,* 126 Ga. App. 594 (191 SE2d 485) (1972).

Capitol Office Supply Co., Inc. contracted with one Holliday d/b/a Holliday & Sons Wrecking and Grading Co. to demolish a wood and cement warehouse bounded on two sides by public streets and on a third by a vacant lot owned by the plaintiff's insured on which certain aluminum light poles had been stacked. Holliday notified the owner to remove the poles, but when the notice was disregarded he undertook to remove the warehouse wall with a front loader under the impression that the cement would fall inward. He was successful in this attempt except for one piece which fell into the adjoining yard and damaged certain of the poles. The plaintiff, after reimbursing its insured, brought this action against the owner and Holliday, alleging, as to defendant Capitol Office Supply Co., that Holliday's negligence in failing to observe minimum industry safety precautions was

imputable to it, that the act was ultra-hazardous, and that Capitol Office Supply was negligent in employing Holliday.

Depositions and interrogatories introduced in support of the owner's motion for summary judgment nullify these allegations. The president of Capitol Office Supply made investigation of the contractor both by checking out a job on which he was engaged at the time and by inquiries addressed to the City Building Inspector. He also interposed contract requirements as to license and insurance. No special hazard has been shown. No blasting was used in the operation, and no evidence offered that the type of demolition engaged in was inherently hazardous; the fact that the employer did not specify in advance that no blasting should be used is completely irrelevant. When work becomes dangerous only when the actor is negligent, the owner is not liable. *Allen v. Cooper*, 145 Ga. App. 555 (244 SE2d 98) (1978). No contrary ruling is required by *Herndon v. Aultman-Beasley, Inc.*, 127 Ga. App. 743 (195 SE2d 250) (1972), a case decided not on summary judgment but by dismissal on motion for failure to state a claim.

The grant of summary judgment in favor of the defendant owner is affirmed.

*Judgment affirmed. Banke, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED JUNE 5, 1981.

*F. Earl Wiggers, Jr., Edward M. Harris,* for appellant.
*T. Cullen Gilliland, B. Holland Pritchard,* for appellees.