**Larry JONES, Petitioner-Appellant,**

v.

**Ralph KEMP, Warden, Chatham County Correctional Institution, Garden City, Georgia, Respondent-Appellee.**

No. 80–9025.

United States Court of Appeals, Eleventh Circuit.

June 14, 1982.

Larry D. Thompson, Atlanta, Ga., for petitioner-appellant.

Susan V. Boleyn, Asst. Atty. Gen., Atlanta, Ga., for respondent-appellee.

Before GODBOLD, Chief Judge, TJOFLAT and VANCE, Circuit Judges.

PER CURIAM:

Larry Jones is serving an eight-year sentence imposed by the Superior Court of Fulton County, Georgia, following his conviction by a jury of theft by receiving stolen property. He appeals the district court's denial of his petition for writ of habeas corpus. We affirm.

Jones' principal contention is that mistakes and omissions by his trial attorney deprived him of his constitutional right to the effective assistance of counsel. He relies chiefly on his attorney's failure to object to the jury instruction, "I further charge you that you would be authorized to convict the Defendant if you should find beyond a reasonable doubt that the Defendant had actual or constructive possession either alone or jointly with others." Jones correctly observes that in Georgia an essential element of theft by receiving stolen property is knowledge that the goods are stolen, *Williamson v. Georgia*, 134 Ga.App.

329, 214 S.E.2d 415, 417 (1975), and that proof of unexplained possession of recently stolen property, without proof of scienter, is not sufficient to support a conviction of that crime, *Hilton v. Georgia,* 134 Ga.App. 590, 215 S.E.2d 261, 262 (1975). He maintains that the quoted instruction relieved the prosecution of the necessity of proving scienter, and that his attorney's failure to object to the charge therefore constituted ineffective assistance of counsel.[1]

■ We affirm the holding of the district court that the failure to take exception to the instruction at issue did not constitute ineffective assistance because, considered as a whole, the jury charge was not erroneous. The correctness of a jury charge must be determined by looking to the charge as a whole, and not just to a portion of it. *Harrison & Ellis, Inc. v. Nashville Milling Co.,* 156 Ga.App. 697, 275 S.E.2d 374, 376 (1980).[2] When one sentence of a jury charge is alleged as error, the entire charge must be considered. *Freed v. Redwing Refrigeration, Inc.,* 156 Ga.App. 817, 275 S.E.2d 691, 694 (1980). The question is not whether the single sentence misstates the law, but whether the charge as a whole fairly instructs the jury on the law to be applied. *Zeigler v. Seaboard Coast Line Ry. Co.,* 437 F.2d 80, 82 (5th Cir. 1971) (applying Georgia law).

The portion of the jury charge which concluded with the sentence at issue began:

A crime is a violation of a statute of this State in which there shall be a joint operation of an act or omission to act and intention or criminal negligence. A person will not be presumed to act with criminal intention, but the trier of the facts, that is the jury, may find such intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted.

Immediately after thus instructing the jury that a crime requires intent or criminal negligence and that criminal intent will not be presumed, the trial court read the statute with whose violation Jones was charged, Ga.Code § 26–1806, which explicitly provides that knowledge that the possessed goods were stolen is an element of theft by receiving stolen property. The judge then went on to instruct the jury on possession, actual and constructive, and concluded this portion of the charge by telling the jury that it could convict Jones if it found that he had actual or constructive possession, either alone or with others.

■ Taken in the context of the instructions on possession, the sentence at issue is accurate. Taken in the larger context of the instructions on criminal intent and Ga. Code § 26–1806, the charge could not have misled the jury into the belief that it was not necessary for the prosecution to prove scienter. Considered as a whole, the instructions were correct, and the failure to object to them did not constitute a sixth amendment violation.

■ Jones next contends that counsel did not develop by cross-examination or evidence the issue of the defendant's knowledge that the pistol was stolen, which is a prerequisite to conviction. The defect in this reasoning is that a defense of lack of knowledge that the pistol was stolen is arguably inconsistent with appellant's testimony that he never saw the gun, never touched it, never had it in his possession, and did not know it was in his car until he reached the police station. It was not ineffective assistance of counsel to emphasize the "I don't know anything about it at all" defense at the expense of a defense that would admit knowing something about the pistol, but not that it was stolen.

1. Jones also urges on appeal that the jury charge was so defective as to render his trial fundamentally unfair in violation of his due process rights. Our treatment of the sixth, and fourteenth, amendment claim arising out of the charge would dispose of the due process claim as well. We note, however, that because the due process claim was raised for the first time on appeal, we do not reach it.

2. Since the issue is whether Jones' trial counsel was remiss in not objecting to the instruction in question, we look to Georgia law to determine whether the instruction was proper.

Jones alleges other mistakes and omissions by his attorney. For the most part, these allegations amount to second guesses of the attorney's judgments and tactical decisions and are therefore not the stuff of a sixth amendment claim. *See Washington v. Watkins*, 655 F.2d 1346, 1355 (5th Cir. 1981); *United States v. Guerra*, 628 F.2d 410, 413 (5th Cir. 1980), *cert. denied*, 450 U.S. 934, 101 S.Ct. 1398, 67 L.Ed.2d 369 (1981); *Easter v. Estelle*, 609 F.2d 756, 759 (5th Cir. 1980). In some instances, Jones alleges that his attorney did not pursue potentially fruitful lines of inquiry. But counsel's failure to investigate every conceivable line of defense does not constitute ineffective assistance of counsel. *Lovett v. Florida*, 627 F.2d 706, 708 (5th Cir. 1980). As the district court found, Jones' counsel was reasonably likely to render and did render reasonably effective assistance. *Herring v. Estelle*, 491 F.2d 125, 127 (5th Cir. 1974). The record reveals that counsel's representation was constitutionally adequate, and that Jones did not carry his burden to prove the contrary. *United States v. Killian*, 639 F.2d 206, 210 (5th Cir.), *cert. denied*, 451 U.S. 1021, 101 S.Ct. 3014, 69 L.Ed.2d 394 (1981). The district court properly denied the writ.

AFFIRMED.