## 77000. MASON v. GRACEY.
(375 SE2d 283)

POPE, Judge.

The personal property of plaintiff Sarah Bowen Gracey was damaged when the apartment building in which she resided caught fire. The fire started when a worker hired by the landlord to repair and replace columns at the front entrance to the building used a blowtorch to remove paint from one of the columns. Plaintiff brought suit against her landlord, defendant Mrs. Robert Mason, and the worker hired by the landlord. Plaintiff obtained a default judgment against the worker. The jury returned a verdict of $2,368.23 actual damages against defendant Mason and, in a bifurcated trial on the issue of bad faith and stubborn litigiousness, returned a verdict of $7,115.00 for attorney fees. Defendant appeals.

1. Plaintiff asserted three theories of recovery: (1) respondeat superior; (2) liability of the employer for the negligence of an independent contractor; and (3) negligent hiring. Defendant argues the plaintiff failed to present evidence sufficient to sustain a recovery under any theory and contends the trial court erred in denying her motion for directed verdict. We shall address each theory of recovery separately.

(a) Defendant testified that the worker hired to repair the columns was not her regular employee. He had been hired in the past to

perform specific jobs such as building a shed for an air conditioning unit and pouring a slab of concrete. On this occasion, the worker called her and asked if she had any work for him. She met him at the work site to show him one entrance way which had already been renovated and told him she wished to have the other five entrance ways renovated to match the first one. She did not place any time requirements on the job, but the worker told her he could complete the work in six weeks. He gave her a bid for the job, the amount of which defendant could not remember, and she accepted. Defendant paid the worker a weekly draw for the work he had completed each week. Defendant assumed the worker would hire others to help him although she did not tell him who or how many workers to hire. Defendant testified she had no control over the hours or the days he worked. She never went to the work site to supervise.

The issue in determining whether one was an employee or an independent contractor is whether the employer retained the right to exercise control over the time, place or manner of the work performed. *Swift & Co. v. Alston*, 48 Ga. App. 649 (173 SE 741) (1934). "Where one is employed generally to perform services for another, and there is no specific contract to do a certain piece of work according to specifications for a stipulated sum, it is inferable that the employer has retained the right to control the manner, method and means of the performance of the contract, and that the employee is not an independent contractor." (Citation and punctuation omitted.) *Golosh v. Cherokee Cab Co.*, 226 Ga. 636, 638 (176 SE2d 925) (1970). Accord *Harrison & Ellis, Inc. v. Nashville Milling Co.*, 156 Ga. App. 697 (1) (275 SE2d 374) (1980); *Moon v. Georgia Power Co.*, 127 Ga. App. 524 (1) (194 SE2d 348) (1972). In the present case, defendant's undisputed testimony established the worker was not employed generally by her but was hired pursuant to an oral contract for a certain piece of work according to specifications for a stipulated sum. The only evidence presented from which plaintiff argues that the worker acted as an employee was that he was paid weekly. However, the mode of payment is not decisive of the issue. *Swift & Co. v. Alston*, supra. Moreover, defendant testified the worker received a weekly draw in accordance with the amount of work completed for that week. The method of payment does not establish the worker was paid wages but is consistent with periodic payment according to the percentage of completion of a contract.

In response to defendant's appeal, plaintiff argues that factors other than the extent of the employer's control over the work may be considered in determining whether the worker was an employee or an independent contractor, as set forth in *Moss v. Central of Ga. R. Co.*, 135 Ga. App. 904 (219 SE2d 593) (1975). This court in *Moss* expressly decided the issue of respondeat superior on federal law and refrained

from comparing the Georgia law on the question. Even if the six factors enumerated in *Moss*[1] are factors to be considered pursuant to Georgia law, the evidence in this case does not create an issue of fact as to whether the worker was an employee as opposed to an independent contractor.

First, absolutely no evidence was presented to establish that, by agreement, the defendant retained the right to control the details of the work. In fact, the only evidence presented on this issue established defendant merely specified that she wanted the remaining columns to be renovated to match the columns already renovated and defendant retained no control over the manner in which the hired worker accomplished that goal. In regard to the worker's occupation or business, the evidence established that he was not merely a laborer but hired himself out for carpentry and other construction work. Compare *Swift & Co. v. Alston*, supra (where the worker in question was employed as a menial laborer). It is evident from the description of the work specified by defendant that some skill as a carpenter was required to replace and repair the columns. The defendant, on the other hand, was not a carpenter and was not in a position to direct the work. Defendant purchased the new columns which the worker was to install but no evidence was presented that she provided his tools. The worker was employed only for that period of time required to complete the specific job. The only evidence presented concerning method of payment shows the worker was paid in accordance with his bid for the job. The landlord was in the business of renting apartments. While it is the duty of the landlord to keep the premises in repair, the evidence showed the defendant landlord was not in the business of renovating buildings and did not regularly employ workers for such work. Finally, the landlord testified the worker was not her employee but was merely a contractor.

Plaintiff presented no evidence to support her allegation that the worker was an employee of the defendant and the only evidence presented showed the worker was not an employee, but an indepen-

---

[1] *Moss v. Central of Ga.*, supra, applied federal law in a Federal Employee's Liability Act case. In *Moss* this Court cited the Restatement (Second), of Agency § 220 (2) for six factors to be considered in determining whether one acting for another is an independent contractor or an employee: "(1) the extent of control which, by agreement, the employer may exercise over the details of the work; (2) whether or not the one employed is engaged in a distinct occupation or business; (3) whether or not the work to be performed is usually done under the direction of the employer or by a specialist who needs no supervision; (4) the skill required in the particular occupation; (5) whether the employer supplies the tools and the place of work for the one employed; (6) the length of time for which the person is employed; (7) the method of payment, whether by the time or by the job; (8) whether or not the work to be performed is a part of the regular business of the employer; (9) whether or not the parties believe they are creating an agency relationship; and (10) whether the employer is or is not in business." *Moss v. Central of Ga.* at 906.

dent contractor. Therefore, defendant was entitled to a directed verdict on plaintiff's allegation of liability pursuant to the doctrine of respondeat superior.

(b) Because the evidence shows the worker hired by defendant was an independent contractor, defendant could be liable for the worker's negligence only in certain situations as set forth in OCGA § 51-2-5. Plaintiff argues defendant was liable pursuant to subsections (2) and (4) of said statute, according to which an employer is liable for the negligence of an independent contractor: "(2) If, according to the employer's previous knowledge and experience, the work to be done is in its nature dangerous to others however carefully performed; [or] . . . (4) If the wrongful act is the violation of a duty imposed by statute,. . . ."

Liability imposed by subsection (2) applies to work which is inherently dangerous "however carefully performed." Plaintiff, herself, presented the testimony of a fire inspector employed by the City of Atlanta, who testified that the use of a blowtorch to remove paint is permitted by the applicable fire code so long as certain safety precautions are taken. Therefore, plaintiff failed to establish that the work was dangerous "however carefully performed." Where the work is not inherently dangerous except as a result of the negligence of the contractor the employer is not liable. *St. Paul Cos. v. Capitol Office Supply Co.*, 158 Ga. App. 748 (282 SE2d 205) (1981). Moreover, "[p]ast knowledge and experience is the gauge by which to measure the dangerous nature of the work to be done." *Dekle v. Southern Bell Tel. &c. Co.*, 208 Ga. 254, 258 (66 SE2d 218) (1951). No evidence was presented to show defendant knew the worker would use a blowtorch in the course of his work. The evidence showed one set of columns had been successfully renovated at the time defendant hired the worker to complete the job. Thus, no evidence was presented from which a jury could find the defendant had any knowledge or experience by which defendant should have known the work was dangerous.

According to OCGA § 51-2-5 (4), an employer is liable for the negligence of an independent contractor "[i]f the wrongful act is the violation of a duty imposed by statute,. . . ." Plaintiff argues that, pursuant to OCGA §§ 44-7-13 and 14, a landlord is required to make repairs to the premises and, therefore, a landlord cannot escape liability for the negligence of those it hires to make the repairs. We reject the plaintiff's attempt to bootstrap an employer's liability for the acts of an independent contractor to a landlord's liability for the condition of the leased premises.

While a landlord is under a statutory duty to keep the rented premises in good repair, OCGA § 44-7-13 and 14 merely impose liability on the landlord for damages resulting from defects in the premises. A landlord is liable for damages when the repairs he has a duty

to make are completed negligently so that a defect in the premises remains despite the attempted repair. *Oglesby v. Rutledge*, 67 Ga. App. 656 (21 SE2d 497) (1942). For example, if, in this case, after renovation to the columns was complete, one of the columns had fallen causing damage, then the defendant would not have been able to escape liability simply because she hired another to do the work she was required to do. See *Southern R. Co. v. Brooks*, 112 Ga. App. 324 (2) (145 SE2d 76) (1965). However, when, as here, the worker hired is an independent contractor, the landlord is not liable for the negligent acts of the worker during the course of the repairs.

The additional exception to the general rule of nonliability for the torts of an independent contractor, as set forth in *Peachtree-Cain Co. v. McBee*, 170 Ga. App. 38 (316 SE2d 9) (1984), aff'd, 254 Ga. 91 (2) (327 SE2d 188) (1985), applies only to intentional torts of a security agency hired by the owners to protect the premises. See also *United States Shoe Corp. v. Jones*, 149 Ga. App. 595 (255 SE2d 73) (1979). Contrary to plaintiff's argument, the additional exception of *Peachtree-Cain* does not apply to the case at hand.

(c) Liability for negligent hiring is not one of the exceptions to the general rule of nonliability for the torts of an independent contractor. OCGA § 51-2-5. The statutory duty to exercise ordinary care in the selection of employees applies, by definition, to employees and not to those hired as independent contractors. See OCGA § 34-7-20. Therefore, where, as here, the facts establish that the one hired was an independent contractor, the plaintiff may not recover on a theory of negligent hiring.

For the reasons set forth above, the trial court erred in denying defendant's motion for directed verdict in regard to liability.

2. Since plaintiff was not entitled to recover damages from defendant, the court also erred in denying defendant's motion for directed verdict in regard to plaintiff's claim for attorney fees for bad faith and stubborn litigiousness.

3. We need not address defendant's remaining enumeration of error concerning instructions to the jury since we have found defendant was entitled to a directed verdict.

*Judgment reversed. McMurray, P. J., and Benham, J., concur.*

Decided November 4, 1988.

*R. Chris Irwin & Associates, David L. Whitman*, for appellant. *Cary S. King*, for appellee.