A89A1479. KIMBLE v. BHM CONSTRUCTION COMPANY, INC.
(388 SE2d 40)

POPE, Judge.

Plaintiff/appellant Richard Kimble instituted the present action against defendant/appellee BHM Construction Company, Inc. (hereinafter BHM) under a theory of respondeat superior for injuries he received while delivering materials to a construction site on which BHM was constructing a house. As alleged in plaintiff's complaint, a saw horse thrown off the roof by one of the carpenters framing the house landed on him causing him serious injury. Defendant subsequently filed a motion for summary judgment, contending that the carpenters were independent contractors, not employees, and therefore it should not be liable for their alleged negligence. The trial court granted defendant's motion and plaintiff appeals. We affirm.

The evidence shows that BHM is in the sole business of constructing residential real estate. BHM purchases the land, obtains the plans, and purchases the materials necessary to build its homes. The actual labor of building the homes is performed by subcontractors

who are retained by Rex Burch, the president and majority shareholder of BHM. Burch testified that he obtained the subcontractors as needed, based on the progress at the work site. On this particular project BHM had contracted with David Wetzel, a carpenter, to frame the house. Wetzel averred in his affidavit that he agreed to frame the house for a set price based on the specifications provided by BHM, but that BHM did not have the right to direct his work on a step-by-step basis. BHM furnished Wetzel the materials necessary to frame the house but did not provide Wetzel or his workers with tools or equipment. Burch visited the site several times a week to see how the work was progressing. Defendant also paid Wetzel a weekly "draw" against the contract price based on the amount of work that had been completed that week. Wetzel employed his own workers on the job and Burch testified that he assumed the workers were paid an hourly wage by Wetzel. Although the record shows that BHM had liability and workers' compensation insurance which *arguably* provided coverage for the subcontractors on the job, Burch testified he expected Wetzel to provide his own insurance for his workers. Burch also testified that based on industry custom, he would have been free to dismiss Wetzel if he failed to work at the job site for a period of one week or longer.

"The issue in determining whether one was an employee or an independent contractor is whether the employer retained the right to exercise control over the time, place or manner of the work performed. *Swift & Co. v. Alston*, 48 Ga. App. 649 (173 SE 741) (1934)." *Mason v. Gracey*, 189 Ga. App. 150, 151 (375 SE2d 283) (1988). Plaintiff argues that the relationship between BHM and Wetzel was that of employer and servant as opposed to employer and independent contractor because BHM had the right to demand that the work was done in compliance with the plans and specifications provided to its subcontractors, and because Burch visited the project site on a frequent basis to ensure that the work was being performed according to plan and to check on the progress of the work. "The fact that an employer continuously checks the work of an independent contractor to see that the work is being done according to the specifications of the job is thoroughly consistent with the relationship of employer and independent contractor and with the mere right of the employer to insist on a certain specific result. There is nothing in the [record] to indicate that [BHM] either had or assumed the right to control the time, manner and method of doing the work. The fact that . . . plans and specifications [were given to Wetzel] is . . . thoroughly consistent with the existence of the relationship of employer and independent contractor. So was the right to change the work [if it did not meet the plans and specifications provided] and the right to dispense with the independent contractor's services if, during the performance of the

job, it appeared that he either was incapable or unwilling to do the job according to the plans and specifications. This was not a case of an indefinite employment of [Wetzel] by [BHM]. Under the evidence, [Wetzel] was employed to do a specific job which contemplated a definite beginning, continuance and ending. While no time for the performance of the contract was expressly stipulated, it was mutually understood that the job was to be done within a reasonable time and without unnecessary delay. Such an agreement does not render the contract one of general employment. [Cit.] The right to control the time of doing the job means the right to control the hours of work. The right to control the manner and method means the right to tell the employee how he shall go about doing the job in every detail, including what tools he shall use and what procedures he shall follow. None of these elements was present in this case. . . . What [Wetzel] used to do the job and how he went about it and how much time he spent were matters solely for his determination, so long as he produced the required results." *Employers Mut. &c. Ins. Co. v. Johnson*, 104 Ga. App. 617, 619-620 (122 SE2d 308) (1961).

Plaintiff also contends that the relationship of employer-servant was shown by the fact that Wetzel was paid on a weekly basis. "[T]he mode of payment is not decisive of the issue. [Cit.] Moreover, [Burch] testified [Wetzel] received a weekly draw in accordance with the amount of work completed for that week. The method of payment does not establish [Wetzel] was paid wages but is consistent with periodic payment according to the percentage of completion of a contract." *Mason v. Gracey*, supra at 151.

We also reject plaintiff's argument that the fact that BHM purchased liability and workers' compensation insurance which *arguably* covered its subcontractors on the project was sufficient, without more, to establish that the relationship between BHM and Wetzel was that of employer-servant rather than that of employer-independent contractor. Although the existence of insurance is one factor to be considered in determining the relationship between the parties, this factor standing alone is not sufficient to raise an issue as to the nature of the relationship between BHM and Wetzel. The uncontroverted evidence in this case shows that BHM did not have the right, nor did it assume the right, to control the time, method and manner of executing the work of Wetzel or his workers. Consequently, the trial court correctly concluded that BHM was entitled to summary judgment on the basis that it was not liable to plaintiff under the theory of respondeat superior. See *Mason v. Gracey*, supra; *Tanner v. USA Today*, 179 Ga. App. 722 (1) (347 SE2d 690) (1986); *Piggly Wiggly Southern v. Hercules, Inc.*, 151 Ga. App. 238 (259 SE2d 219) (1979); *Farmers Mut. Exchange &c. v. Sisk*, 131 Ga. App. 206 (205 SE2d 438) (1974).

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 8, 1989.

*William R. Waldrop*, for appellant.
*Thomas E. Magill, Cheri D. McLeod*, for appellee.