A95A1167. KNIGHT v. DUKE et al.
(462 SE2d 391)

POPE, Presiding Judge.

On January 8, 1993, Carl Knight was injured in a car accident while riding as a passenger in a vehicle being driven by Mark Wallace. At the time of the accident, Wallace was test driving the vehicle with the permission of Murray Duke d/b/a Auto Mart. As a result of the accident, Knight filed a personal injury action against Wallace and obtained a default judgment of $100,000.

Knight then filed suit against Duke and Duke's insurer, Auto Owners Insurance Company. Knight alleged that the permissive driver of Duke's vehicle had negligently caused a collision and had caused him injury. Knight alleged that no primary coverage existed; that he had previously demanded policy limits from Auto Owners; that an Auto Owners adjustor had represented that settlement would be forthcoming; and that despite these representations the company

had denied coverage.

Duke and Auto Owners answered the complaint and cross-claimed, seeking a declaration from the court regarding Auto Owners' obligations to Duke and Knight. Auto Owners also filed a motion to dismiss the complaint, arguing that there was no unsatisfied judgment against Duke and that there was no provision of the liability policy on which Knight could rely in filing the suit. Knight then filed a motion to dismiss the declaratory judgment action. Knight argued that Wallace had assigned him his contractual rights and that he had a direct action against Auto Owners.

The court tried the insurance issues raised in the cross-claims for declaratory judgment without a jury and made the following findings of fact. The court determined that on the date of the automobile accident, Knight was working for Duke as a casual laborer and that he was not an independent contractor. The court further found that Knight was within the course and scope of his employment for Duke at the time of the collision. The Auto Owners garage liability policy stated that it did not apply to "bodily injury to or death of any employee of the insured arising out of and in the course of his employment by the insured other than domestic employment if benefits for such domestic employment are neither payable nor required to be provided under any workmen's compensation law." The court concluded that the policy did not apply to Knight's suit because he was an employee of Duke who suffered an injury in the course of his employment. Knight appeals, raising three enumerations of error.

First, Knight argues the evidence does not support the finding that he was an employee in the scope of his employment at the time of the accident. Citing *Murphy v. Blue Bird Body Co.*, 207 Ga. App. 853 (429 SE2d 530) (1993), Knight argues that the record shows that he was an independent contractor. We agree and reverse.

The record establishes that Knight worked intermittently as a casual laborer for Duke. Knight performed odd jobs for Duke; he did not sell cars. When Knight needed work, he would ask Duke if he needed help. If Duke did not have a job for Knight, Knight would look for work elsewhere. Knight's odd jobs for Duke had included roofing a house, covering a floor, detailing cars on the lot, painting, and yard work. Duke paid Knight in cash by the job, with no withholding for taxes or social security. Duke did not control the manner in which Knight performed the various tasks, and occasionally Knight brought his own tools for a task.

Knight was detailing cars for Duke on the day of the accident. He rode with Wallace after being asked to do so by one of Duke's car salesmen. While Knight testified that he accompanied the driver as a favor to Duke, there was evidence that Knight would have been paid for his work.

The policy at issue here did not define "employee," and we must turn to cases for guidance. "Generally, in determining whether the relationship of parties under a contract for performance of labor is that of employer and servant or that of employer and independent contractor, the chief test lies in whether the contract gives, or the employer assumes, the right to control the time, manner and method of executing the work as distinguished from the right merely to require certain definite results in conformity to the contract. [Cits.] If one is employed generally to perform certain services it may be inferable that the employer retained the right to control the manner, method and means for performance of the contract. However, where there is a specific contract to do a certain piece of work according to specifications for a stipulated sum, it is inferable that the right of control was not retained and an independent contractor relation existed. [Cits.]" (Punctuation omitted.) *N. S. Co. v. Cincinnati Ins. Co.*, 203 Ga. App. 347, 348 (416 SE2d 859) (1992).

Here, the evidence established that Knight was an independent contractor, not an employee of Duke. Duke did not control the time, method, or manner of Knight's work. See generally *Mason v. Gracey*, 189 Ga. App. 150 (1) (375 SE2d 283) (1988). Our conclusion that the policy did not exclude Knight comports with the evident purpose of the subject provision which "was to prevent the overlapping of risk against which different types of insurance policies [particularly workers' compensation] furnish coverage." *Johnson v. U. S. Fidelity &c. Co.*, 93 Ga. App. 336, 341-342 (91 SE2d 779) (1956). See generally Jenkins & Miller, Automobile Insurance Law (1994 ed.), § 12.5.

Accordingly, the court's determination that Knight was excluded from coverage because of this provision is reversed. Because of this conclusion, we need not address Knight's remaining enumerations of error.

*Judgment reversed. Beasley, C. J., and Ruffin, J., concur.*

DECIDED AUGUST 23, 1995 —
RECONSIDERATION DENIED SEPTEMBER 19, 1995 — 

*James G. Tunison, Jr.*, for appellant.
*Cork & Cork, Patrick C. Cork, William A. Turner, Jr.*, for appellees.