A11A2225. TUGGLE v. BURPEE et al.

(726 SE2d 114)

BARNES, Presiding Judge.

In November 2008, Brandon Helmick was painting the outside of a house under construction when he fell from his ladder and sustained serious injuries. He obtained workers' compensation benefits through his employer, James Conrad, and filed suit against Stephen Burpee, Burpee Construction, LLC, Leigh Kersey, Kersey Home Builders, LLC, Paul Vogler, and William Baker, Jr. Following discovery, the trial court granted summary judgment to Kersey, his company, Burpee, and Burpee's company. Helmick appealed the grant of summary judgment to Burpee and his company.

When this appeal was filed, issues with other defendants remained pending in the trial court, including Helmick's negligence claims against Vogler and Baker and Kersey's request for attorney fees. Two months after filing this notice of appeal, Helmick committed suicide, and the trial court substituted Robert T. Tuggle III, the administrator of Helmick's estate, as the plaintiff. We granted Tuggle's motion to be substituted as the appellant in this case. For consistency, however, we will refer to the appellant as Helmick in this opinion.

On appeal we review the trial court's grant of summary judgment de novo to determine whether the evidence, viewed in the light most favorable to the nonmoving party, demonstrates a genuine issue of material fact. *Ford v. Bank of America Corp.*, 277 Ga. App. 708 (627 SE2d 376) (2006). Summary judgment is proper only when no issue of material fact exists and the moving party is entitled to judgment as a matter of law. Id. When reviewing the grant or denial

of a motion for summary judgment, this court conducts a de novo review of the law and the evidence. *Wachovia Bank v. Moody Bible Institute of Chicago*, 283 Ga. App. 488, 489 (642 SE2d 118) (2007).

So viewed, the evidence in the records shows that Kersey LLC was the general contractor for this project, and hired Conrad as the painting subcontractor. Helmick was one of Conrad's employees. Kersey also hired Burpee LLC as the siding subcontractor, and Burpee hired Vogler and Baker, with whom he had previously worked, to install the concrete siding. Burpee had his heavy-duty forklift transported to the construction site so the homeowner could lift the siding off a flat-bed 18-wheeler and Vogler and Baker could lift the siding into place.

On the day Helmick was injured, Vogler and Baker were using the forklift. Helmick was on a 30-foot ladder painting the exterior of the house when Vogler hit the ladder with the forklift and caused Helmick to fall. In his deposition, Helmick said he warned the forklift operator several times that he was too close to the ladder, but the operator assured him he would be careful. About an hour later, Helmick felt his ladder shift when the forklift hit it. The operator tried to back up but slid in the mud and the forklift struck the ladder again, causing Helmick to slip and hang suspended with his foot caught between the rungs. The operator tried to back up again but the lifter slid forward and struck the ladder for the third time. Helmick fell headfirst to the ground and suffered injuries including broken ribs, a punctured lung, and a fractured hand.

Helmick initially sought workers' compensation benefits from Conrad and Kersey, but obtained them through Conrad's insurer. He sued Kersey, Burpee, Vogler, and Baker for negligence, and the trial court granted summary judgment to Kersey and Burpee, and their respective companies.

This appeal involves only the summary judgment grant to Burpee. The trial court held that Burpee was not liable individually because the evidence showed that all the activities related to this construction contract were conducted through his corporation, Burpee LLC. Helmick submitted no evidence that Burpee had failed to maintain the corporate form, the court held; therefore Burpee was entitled to summary judgment. Burpee LLC was entitled to summary judgment because the evidence showed that Vogler and Baker were independent contractors, not employees, and because no evidence supported Helmick's negligent entrustment claim.

1. Helmick argues that the trial court erred in granting summary judgment to Burpee and Burpee LLC because genuine issues of material fact exist regarding whether Vogler and Baker were employees, and whether Burpee LLC negligently entrusted the forklift to them. We disagree.

First, Helmick does not argue that Burpee should be held liable individually, and therefore, he has waived that issue.

Second, an employer is not responsible under a theory of respondeat superior for the torts of one employed as an independent contractor. *St. Paul Cos. v. Capital Office Supply Co.*, 158 Ga. App. 748 (282 SE2d 205) (1981). To determine whether one was an employee or an independent contractor, we consider whether the employer retained the right to exercise control over the time, place, method, or manner of the work performed. *Kimble v. BHM Constr. Co.*, 193 Ga. App. 441, 442 (388 SE2d 40) (1989). Here, Vogler and Baker did not report to Burpee on a daily basis, and Burpee did not control the time, method, or manner of their work. Burpee also did not provide them with materials or tools, could not direct them to report to a different job site, and would only fire them for poor workmanship or for failing to complete the job in a timely manner. The men were not paid an hourly rate, but by the job, and had completed Form 1099s for Burpee to report their earnings for tax purposes rather than having income taxes deducted by Burpee.

While Helmick describes evidence that Burpee failed to present, such as contracts with Vogler and Baker establishing they were independent contractors, and hypothesizes that Burpee's pay records could support the conclusion that Vogler and Baker were employees, the record contains specific uncontradicted evidence to the contrary. Even if we were to assume that the absence of evidence constitutes circumstantial evidence, "circumstantial evidence is insufficient to overcome direct and positive evidence of the fact in question unless it points to a conclusion opposite that of the direct evidence" in the record. (Citation omitted.) *Brock Built, LLC v. Blake*, 300 Ga. App. 816, 819 (1) (686 SE2d 425) (2009). Considering the evidence de novo, the trial court did not err in granting summary judgment to Burpee LLC on the ground that Vogler and Baker were independent contractors, not employees.

2. Helmick contends that the trial court also erred in granting summary judgment to Burpee LLC on his claim of negligent entrustment.

> Under the doctrine of negligent entrustment, a party is liable if he entrusts someone with an instrumentality, with actual knowledge that the person to whom he has entrusted the instrumentality is incompetent by reason of his age or inexperience, or his physical or mental condition, or his known habit of recklessness.

(Citations and footnote omitted.) *Gunn v. Booker*, 259 Ga. 343, 347 (3) (381 SE2d 286) (1989). Even if we assume that operating a

forklift is the equivalent of operating a car, "the fact that appellee made no direct inquiry of [Vogler and Baker] is not material to [his] liability." *Worthen v. Whitehead*, 196 Ga. App. 678 (396 SE2d 595) (1990). A vehicle owner has no duty to investigate the competency of someone who drives the vehicle and ascertain his reputation as a driver. *Wilson v. Ortiz*, 232 Ga. App. 191, 195 (2) (501 SE2d 247) (1998).

While the record contains evidence that Burpee had the forklift delivered to the site for Vogler and Baker to use, no evidence suggests that Vogler and Baker were reckless or incompetent, much less that Burpee knew or had reason to know they were. Helmick argues only that Burpee did not know whether his contractors were competent or not, and that "Burpee's testimony clearly indicates he is now blaming" Vogler and Baker individually or collectively for Helmick's damages. To the contrary, however, Burpee did not imply that he "blames" Vogler and Baker for anything; he simply stated the facts: that the men were independent contractors, Vogler had operated his forklift before, Burpee was not aware if either man had ever had a suspended driver's license, and he did not ask them if they knew how to drive a forklift.

Because no genuine issue of material fact exists regarding Helmick's negligent entrustment claim, the trial court did not err in granting Burpee's motion for summary judgment.

*Judgment affirmed. Adams and Blackwell, JJ., concur.*

DECIDED MARCH 15, 2012.

*Reynolds, Horne & Survant, Timothy J. Boyd, Mary-Dallas J. Roper*, for appellant.

*Monica L. Wilburn*, for appellees.