**FIRST DIVISION
BARNES, P. J.,
MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**March 9, 2020**

# In the Court of Appeals of Georgia

A19A2432. ESTATE OF STEVEN FANNING et al. v. ESTATE OF
    KAREN FANNING.

MERCIER, Judge.

The Estate of Karen E. Fanning ("Karen's estate") filed an action against
Cynthia Fanning and the Estate of Steven E. Fanning, Sr. (collectively "Steven's
estate"), seeking a declaratory judgment regarding a right of first refusal agreement.[1]
Karen's estate moved for summary judgment, contending that the right of first refusal
agreement was unenforceable or, if it was enforceable, Karen's estate satisfied the
agreement's notice requirement and Steven's estate forfeited its right under the
agreement. Steven's estate responded that, inter alia, Karen's estate failed to provide
the notice required by the agreement. Concluding that the right of first refusal was

---

[1] The complaint also sought a partition of jointly-owned real property, but that
claim is not at issue in this appeal.

enforceable but that no genuine issues of material fact remained regarding the parties' compliance or non-compliance with its terms, the trial court granted summary judgment to Karen's estate on its claim for declaratory relief. Steven's estate appeals. Because Karen's estate failed to meet its burden on summary judgment, we reverse the grant of summary judgment.

> On appeal we review the trial court's grant of summary judgment de novo to determine whether the evidence, viewed in the light most favorable to the nonmoving party, demonstrates a genuine issue of material fact. Summary judgment is proper only when no issue of material fact exists and the moving party is entitled to judgment as a matter of law. When reviewing the grant or denial of a motion for summary judgment, this court conducts a de novo review of the law and the evidence.

*Tuggle v. Burpee*, 314 Ga. App. 833, 833-834 (726 SE2d 114) (2012) (citations omitted).

In its complaint, Karen's estate includes the following allegations. In 2010, the mother of siblings Karen and Steven Fanning transferred to each of them certain adjacent parcels of real estate. The same year, in connection with the transfers, Karen and Steven Fanning (who was married to Cynthia Fanning) entered into an

"Agreement for Right of First Refusal."[2] Paragraph 1 (a) of the right of first refusal agreement gives either party an option to purchase the other party's land in the event the owner wants to sell his or her land.[3] The right of first refusal agreement contains a provision that requires the selling party to give the non-selling party notice

_____

[2] It appears that the mother died in 2014, and that Karen Fanning and Steven Fanning died in subsequent years.

[3] The right of first refusal provides in paragraph1, in relevant part:

(a) In the event any Party hereto, who owns a Parcel or Parcels of land comprising a portion of said Property, intends to make a bona fide sale of conveyance of any Parcel or Parcels . . . then such Party (hereafter 'Selling Party') must give notice to all of the other Parties hereto of his or her intention to make such a sale or conveyance, together with the name and address of the person to whom said conveyance is to be made; the terms of the proposed transaction, and such other information, as the other Parties hereto may reasonably require. . . .Within thirty (30) days after receipt of such notice, the other Parties hereto may provide the Selling Party with a written offer to purchase such Parcel or Parcels, but only upon terms as favorable to the Selling Party, as the terms stated in the original offer made by the offeror to the Selling Party[.] . . .

(c) Failure by the other Parties to act within said thirty (30) day period stipulated in No. 1 (a) above shall be deemed a waiver and forfeiture of any and all of the Parties' rights to purchase any said Parcel or Parcels from the Selling Party, all in accordance herewith and pursuant thereto."

3

regarding a prospective sale, and gives the non-selling party 30 days in which to make an offer to purchase the property upon terms as favorable to the selling party as the terms stated in the original offer. The agreement provides that the selling party must give the notice and must include the name and address of the person to whom the conveyance is to be made and the terms of the proposed transaction. If the non-selling party has not acted as provided in paragraph 1 (a) of the agreement within the 30-day period, the selling party has waived and forfeited his or her right to purchase the property.

Karen's estate alleged in its complaint that disputes arose between Karen Fanning and Steven Fanning regarding their mother, and that the right of first refusal purports to affect title to the property but that the right is unenforceable because the terms are vague and contradictory. Karen's estate attached to its complaint a verification signed by the estate's executor, wherein he attested that he has personal knowledge of the facts set out in the complaint. In its verified answer and defenses, Steven's estate stated that, inter alia, Karen's estate failed to satisfy necessary conditions precedent and failed to comply with the right of first refusal terms.

In its brief in support of the summary judgment motion, Karen's estate stated that it marketed and listed for sale certain parcels of the subject property, that a

4

prospective purchaser executed a contract to buy the property from Karen's estate, that notice was sent according to the provisions of the right of first refusal agreement and that the time for the non-seller's response had lapsed.

To support its motion for summary judgment in connection with its claim that it satisfied the right of first refusal requirements, Karen's estate pointed to and attached the following: (1) a copy of a notice counsel for Karen's estate dated March 22, 2017 (sic) and purportedly sent to counsel for Steven's estate referencing an offer from a third party purchaser and return receipts ; a copy of an e-mail from an attorney for Steven's estate acknowledging receipt of the notice and requesting a copy of the sales contract, which contract was e-mailed to that attorney on March 27, 2018; a copy of two notices sent to Steven's estate at two different addresses (one of which was returned as undeliverable); and an advertisement published in a local newspaper.

In response to the motion for summary judgment, Steven's estate argued that Karen's estate was not entitled to judgment as a matter of law because, among other things, it failed to produce any evidence to support its claim that it provided the notice required by the agreement. Steven's estate asserted that the exhibits relied upon by Karen's estate were unauthenticated and that the purported notice did not include the information specifically required by the agreement (e.g., the buyer's

name, address and terms of proposed transaction). We agree that Karen's estate was not entitled to summary judgment.

> The burden is on the movant for summary judgment to establish the contentions relied on to authorize such judgment by proper affidavits or other permitted evidence where the contentions are controverted by the pleadings of the adverse party, and it is only when the motion is thus supported that the adverse party has the duty to produce evidence to show that there is an issue of fact.

*Massey v. National Homeowners Sales Service Corp.*, 225 Ga. 93, 99 (6) (165 SE2d 854) (1969); see *Ellis v. Curtis-Toledo*, 204 Ga. App. 704, 705 (2) (420 SE2d 756) (1992); *Ramseur v. American Mgt. Assoc.*, 155 Ga. App. 340, 342 (2) (270 SE2d 880) (1980) ("On motion for summary judgment, the burden of proof is squarely on the moving party and does not shift to the respondent unless the movant, by affidavits or other evidence, shows a prima facie right to such judgment.") (citations omitted). "The trial court may consider any material which would be admissible or usable at trial." *Benton Bros. Ford Co. v. Cotton States Mut. Ins. Co.*, 157 Ga. App. 448, 449 (1) (278 SE2d 40) (1981).

The exhibits relied upon by Karen's estate were unauthenticated documents, not accompanied by sworn affidavits or other admissible evidence. As such, they

6

were insufficient to support the summary judgment motion. See OCGA § 9-11-56 (e) (requiring admissible evidence in support of summary judgment motion); see generally *Powers v. Hudson & Keyse*, 289 Ga. App. 251, 252 (1) (656 SE2d 578) (2008). The fact that the complaint was verified was not sufficient, because the complaint did not even state (much less set forth specific facts showing) that Karen's estate complied with the agreement's notice requirements. See OCGA § 9-11-56 (e) (requiring supporting affidavits to be made on personal knowledge and to set forth such facts as would be admissible in evidence); *Franklin v. Eaves*, 337 Ga. App. 292, 295 (2) (787 SE2d 265) (2016) (Where an "original complaint was verified, [court] may consider factual allegations made therein as though plaintiff had averred those facts in an affidavit, recognizing that a verified complaint, like an affidavit, is not sufficient to avoid summary judgment to the extent that it is merely conclusory.").

In this case, it was unnecessary for Steven's estate to present rebuttal evidence or respond to the summary judgment motion because the evidence Karen's estate presented did not establish a prima facie case entitling it to summary judgment. See *Massey*, supra; see *Ellis*, supra. Accordingly, the trial court erred by granting summary judgment to Karen's estate.

*Judgment reversed. Barnes, P. J., and Brown, J., concur.*

7